McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
Paul H. Silverman (PS 0583)
Alan E. Sash (AS 8804)
Deanna R. Waldron (DW 2611)

*Attorneys for Defendant The Bureau of National Affairs, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                    Plaintiff,

        -against-

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

                    Defendants.
-------------------------------------------------------------X

Docket No. 07 CIV 8431 (HB)(DFE)

**DECLARATION OF ALAN E. SASH IN SUPPORT OF THE BUREAU OF NATIONAL AFFAIRS, INC.'S MOTION TO DISMISS THE COMPLAINT**

Electronically Filed

        Alan E. Sash, an attorney duly admitted to practice law in the Courts of the State of New York and the United States District Court of the Southern District of New York, declares the following to be true under the penalties of perjury pursuant to 28 U.S.C. §1746:

        1.     I am a member of the law firm McLaughlin & Stern, LLP, attorneys for defendant The Bureau of National Affairs, Inc. ("BNA") for the purposes of this motion in the above-captioned action. I submit this declaration in support of BNA's motion to dismiss the Complaint against it for failure to state a cause of action for which relief can be granted.

        2.     The allegations in the Complaint reveal that BNA is not a proper party to this action.

A true and correct copy of the Complaint in the above-captioned action is annexed hereto as Exhibit "A".

3. According to the Complaint, William Allen (hereinafter referred to as "Allen") entered into a written agreement dated November 26, 2000 (hereinafter referred to as the "2000 Agreement") with a third party, Kennedy Information, LLC. The contract, among other things, provided that Allen perform consulting services on behalf of Kennedy Information, LLC and its clients. See Exhibit "A" at ¶7.

4. The Complaint further alleges that, on November 7, 2000, the contractual obligations of Kennedy Information, LLC were assigned to defendants Kennedy Information, Inc. (hereinafter referred to as "Kennedy") and BNA. See Exhibit "A" at ¶8.

5. The 2000 Agreement by its written terms, as alleged in the Complaint, expired on December 31, 2001. See Exhibit "A" at ¶10.

6. After the 2000 Agreement expired, the complaint alleges that Allen and Kennedy continued their business relationship under terms similar to those in the parties' original contract until Allen's death on May 7, 2005. See Exhibit "A" at ¶¶10-11.

7. After Allen's death, the Complaint alleges that Kennedy made only partial payments to his estate and failed to fully compensate him for his consulting services prior to his death. See Exhibit "A" at ¶12.

8. Notably, none of these allegations are made against BNA, the movant herein, because BNA was not in privity of contract with Allen or his estate.

9. Plaintiff concedes that BNA and Kennedy are separately incorporated and distinct and separate corporate entities. See Exhibit "A" at ¶¶5-6. Plaintiff further alleges that BNA

maintained its principal place of business in Washington D.C. while Kennedy maintained its principal place of business in New Hampshire. *Id.*

10.  The Complaint relies upon alleged promises and obligations on the part of Kennedy, not BNA. See Exhibit "A" at ¶¶10-12. As a result, the complaint fails to state a claim for which relief can be granted against BNA and, and such, should be dismissed.

11.  It is respectfully submitted that as a matter of law, the allegations in the Complaint should not compel BNA to bear the added expense and personnel diversion from business if BNA is not dismissed now at case inception.

WHEREFORE, BNA respectfully requests that this Court grant its motion to dismiss the Complaint against it.

Dated:    New York, New York
          November 21, 2007

_____
Alan E. Sash (AS 8804)