McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
Paul H. Silverman (PS 0583)
Alan E. Sash (AS 8804)
Deanna R. Waldron (DW 2611)

*Attorneys for Defendant The Bureau of National Affairs, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                                              07 CIV 8431 (HB)(DFE)

            Plaintiff,

  -against-                                      Electronically Filed

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

            Defendants.
-------------------------------------------------------------X

**THE BUREAU OF NATIONAL AFFAIRS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for Defendant
The Bureau of National Affairs, Inc.*

**PRELIMINARY STATEMENT**

The Bureau of National Affairs, Inc. (hereinafter referred to as "BNA") is not a proper party to this action and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). As set forth more fully below, the Complaint is bereft of any allegations concerning BNA's involvement in the transactions at issue. BNA was not a signatory to the contract at issue that was allegedly breached by co-defendant Kennedy Information, Inc. Neither was it in privity with Plaintiff nor an assignee of any contract other than the one which expired by its terms on December 31, 2001. Further, the Complaint does not contain any allegations that provide a legal basis for Plaintiff's entitlement to an accounting from BNA. Accordingly, as a matter of law Plaintiff has not and cannot state a claim against BNA and her Complaint sounding in breach of contract, *quantum meruit* and an accounting should be dismissed now to avoid unnecessary expense and effort on the part of the parties and the Court.

**STATEMENT OF FACTS**

According to the Complaint, William Allen (hereinafter referred to as "Allen") entered into a written agreement dated November 26, 2000 (hereinafter referred to as the "2000 Agreement") with a third party, Kennedy Information, LLC. The contract, among other things, provided that Allen perform consulting services on behalf of Kennedy Information, LLC and its clients. *See* Exhibit "A" at ¶7.[1] On November 7, 2000, the contractual obligations of Kennedy Information, LLC were allegedly assigned to defendants Kennedy Information, Inc. (hereinafter referred to as "Kennedy") and BNA. *See* Exhibit "A" at ¶8. Kennedy and BNA are separate and distinct corporate

---

[1] References to "Exhibit(s) __" are to those exhibits annexed to the Declaration of Alan S. Sash, dated November 21, 2007, submitted herewith.

entities with separate and distinct principal places of business in different states. *See* Exhibit "A" at ¶5, 6. The 2000 Agreement by its written terms expired on December 31, 2001. *See* Exhibit "A" at ¶10. After the 2000 Agreement expired, Allen and Kennedy continued their business relationship allegedly under terms similar to those in the parties' original written contract until Allen's death on May 7, 2005. *See* Exhibit "A" at ¶¶10-11. Kennedy made periodic payments to Allen for his services. *Id.*

After Allen's death, his estate (hereinafter referred to as "Plaintiff" or "Estate") commenced the within action alleging that defendant Kennedy made only partial payments to the Estate, failed to fully compensate Allen for his consulting services prior to his death, and failed to account to Allen. *See* Exhibit "A" at ¶12, 26. The complaint alleges three causes of action against the defendants including breach of contract, *quantum meruit* and an accounting.

## ARGUMENT

Under the Supreme Court's recent holding in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), which set the current standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Complaint must be dismissed against defendant BNA on the ground that it does not set forth enough facts to state a claim to relief that is plausible on its face. *Twombly*, 127 S.Ct. at 1974; *see also Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). Plaintiff has failed to provide the grounds of her "entitle[ment] to relief" against BNA and has done no more than provide "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65. This is not sufficient under *Twombly* and its progeny. At this stage in the proceeding,

the Court is not concerned with weighing the evidence which would be presented at trial and must limit itself to facts stated in the Complaint, documents attached to the Complaint, and documents incorporated into the Complaint. *Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 327 (2d Cir. 2005); *Ello v. Singh*, 2007 WL 3084979, *4 (S.D.N.Y. Oct. 19, 2007)(No. 05-CV-9625 (KMK)).

Applying this standard to the Complaint at bar, Plaintiff has not and cannot state a claim against BNA as a matter of law. The Complaint does not give defendant BNA "fair notice of what the claim is and the grounds upon which it rests" *Twombly*, 127 S.Ct. at 1965. Nor does the Complaint contain factual allegations sufficient "to raise a right to relief above the speculative level . . . " *Id.* at 1965. The Complaint contains nothing more than conclusory allegations which are insufficient to defeat a motion pursuant to Rule 12(b)(6). Plaintiff has failed to amplify her claim with factual allegations necessary to render her claims against BNA plausible, and has failed to provide specific allegations as to the elements of the causes of action against BNA and the specific misconduct on BNA's part. Accordingly, Plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible" and the Complaint must be dismissed against BNA. *Id.* at 1974; *see also Dorcely v. Wyandach Union Free School District*, 2007 WL 2815809, *4 (E.D.N.Y. Sep. 25, 2007)(No. 06-CV-1265 (DRH)(AKT)).

**A.     Plaintiff's Claim Against BNA for Breach of Contract Should Be Dismissed**

It is uncontested on the pleading that BNA was not a signatory to the 2000 Agreement or to any of the other alleged continuing agreements between Allen and Kennedy. *See* Exhibit "A." Under New York law, it is a general rule that a non-signatory cannot be named as a defendant in a breach of contract action unless it is in privity with plaintiff, *Yucyco, Ltd. v. Slovenia*, 984 F. Supp.

209, 215 (S.D.N.Y. 1997), or it has thereafter assumed or been assigned the contract. *Atari, Inc. v. Games, Inc.*, 2005 WL 447503, *2-3 (S.D.N.Y. Feb. 24, 2005), *aff'd* 164 Fed. Appx. 183 (2d Cir. 2006); *see also Pacific Carlton Development Corp. v. 752 Pacific, LLC*, 17 Misc.3d 1102(A), __ N.Y.S.2d __, 2007 WL 2781874 (Sup. Ct. Kings Co. Sep. 19, 2007).

In *Yucyco*, the plaintiff acknowledged that defendant was not a signatory to the contract, but contended that defendant transformed itself into an obligor by playing a role in the restructuring of the debt that was in part at issue in the action. The Court held that defendant had not agree to be bound by the terms of the contract merely by assuming a portion of the obligations, and should be dismissed. *Yucyco*, 984 F. Supp. at 215. Likewise, in *Atari Games*, the Court dismissed claims against two corporate entities where the entities were not signatories to the contracts, were affiliated with but separate and distinct from the contracting party, and were not in privity with the counterclaim plaintiff. *Atari Games*, 2005 WL 447503, *2-3.

Drawing all inferences in Plaintiff's favor, the complaint has failed to establish a basis of liability against BNA as a matter of law. First, it is uncontested on the pleading that BNA was not a signatory to any agreement with Allen and had no contractual relationship with him. Further, Plaintiff alleges that BNA and Kennedy are distinct and separate corporate entities with separate corporate headquarters, located hundreds of miles apart from one another. *See* Exhibit "A" at ¶¶5-6.

Next, the Complaint is bereft of any reference to the nature of BNA's involvement, or BNA's failure to meet its obligations under any contract. Further, Plaintiff has not amplified specifically how BNA played any role in the performance of the 2000 Agreement, which expired by its terms on December 31, 2001, or in the continuing agreements. *See* Exhibit "A" at ¶¶8-12. Indeed, there is no specific allegation regarding BNA in the paragraphs of the Complaint that allegedly detail

Kennedy and Allen's performance under the 2000 Agreement and continuing agreements and the breach thereof. *See* Exhibit "A" at ¶¶9-12. Rather, the Complaint relies on conclusory allegations with regard to BNA which provide insufficient notice to BNA of the facts underlying the breach of contract claim.

Moreover, BNA's assumption of the 2000 Agreement expired when the underlying agreement expired, and does not bind BNA to any continuing agreements entered into between Allen and Kennedy after the expiration date. Nor in fact does Plaintiff allege that any subsequent continuing agreements between Kennedy and Allen were assigned to BNA. Instead, in conclusory fashion, Plaintiff alleges that "the parties continued their relationship and continued to perform pursuant to that agreement," failing to specifically name who the "parties" are. *See* Exhibit "A" at ¶10. Taking all the allegations in paragraphs 9 through 12 of the Complaint together, a reasonable inference can be drawn that "parties" refers to Allen and Kennedy, not BNA. *See* Exhibit "A" at ¶¶9-12.

Plaintiff may not as a matter of law hold defendant BNA liable for the alleged breach of contract where it was not a signatory to the 2000 Agreement, it is not in privity with Plaintiff, and it did not assume the obligations for any continuing agreements. Accordingly, the Complaint fails to state a claim for breach of contract against BNA and should be dismissed.

**B.     Plaintiff's Claim Against BNA for *Quantum Meruit* Should be Dismissed**

The claim against BNA for *quantum meruit* should likewise be dismissed for failing to state a claim because the Complaint does not contain any allegations against BNA that would support a theory of *quantum meruit*, even viewing all of the allegations in the light most favorable to Plaintiff.

"To prevail on a claim of *quantum meruit*, a plaintiff must prove: (1) that the plaintiff

rendered services to the defendant; (2) that the defendant accepted such services, (3) that the plaintiff expected reasonable compensation, and (4) the reasonable value of the services." *International Customs Assocs., Inc. v. Ford Motor Co.*, 893 F.Supp. 1251, 1257 (S.D.N.Y. 1995), *aff'd*, 201 F.3d 431 (2d Cir. 1999); *cert. denied*, 530 U.S. 1264 (2000); *see also Heller v. Kurz*, 228 A.D.2d 263, 643 N.Y.S.2d 580, 581 (1st Dept. 1996).

First and foremost, the Complaint does not allege that Allen even performed any services for BNA, rather it claims that Allen performed services for Kennedy. *See* Exhibit "A" at ¶¶9-11, 19. Specifically, the Complaint alleges that "Allen agreed to perform services for KI and Kennedy as an independent contractor. KI and Kennedy agreed to compensate Allen." *See* Exhibit "A" at ¶ 9. Next, the Complaint does not allege that BNA benefitted by the services provided by Allen. Even if the Complaint contained such an allegation, it is not sufficient to state a claim for *quantum meruit*. The fact that a party benefits from performance does not, alone, make that party liable in *quantum meruit*. *Metropolitan Elec. Mfg. Co. v. Herbert Constr. Co., Inc.*, 183 A.D.2d 578, 583 N.Y.S.2d 497, 498 (2nd Dept. 1992). "[T]o recover under a theory of quasi contract, a plaintiff must demonstrate that services were performed for the defendant resulting in its unjust enrichment. It is not enough that the defendant received a benefit from the activities of the plaintiff, if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery." *Kagan v. K-Tel Entertainment, Inc.*, 172 A.D.2d 375, 568 N.Y.S.2d 756, 757 (1st Dept. 1991). The Complaint alleges that Allen was to be paid by Kennedy for his services, not BNA. Under these allegations, the only party that Plaintiff could look to for the alleged *quantum meruit* claim is Kennedy, not BNA.

Finally, Plaintiff can not recover under the doctrine of *quantum meruit* where there is no

privity of contract between Plaintiff and BNA. *Metropolitan Elec. Mfg. Co.*, 583 N.Y.S.2d at 498. As argued more fully in the previous section above, Plaintiff's claim arises out of the alleged breach of contracts to which BNA was not a signatory, and for which Plaintiff has failed to provide sufficient allegations that BNA was in privity of contract with Allen. Accordingly, given the allegations in the Complaint, under no theory can BNA be liable to Plaintiff on *quantum meruit*, and the claim must be dismissed.

### C. Plaintiff's Claim Against BNA for an Accounting Should be Dismissed

The Complaint does not seek an accounting from BNA, and limits this cause of action to Kennedy. *See* Exhibit "A" at ¶¶24-27. Count Three (Accounting) of the Complaint is limited to allegations regarding Kennedy and does not refer to BNA. Therefore, this claim should be dismissed against BNA.

In any event, the claim for an accounting does not set forth operative facts, which when construed in Plaintiff's favor, establishes a right to relief against BNA. An accounting is an equitable remedy "designed to provide a means for compelling one, who has because of a confidential or trust relationship has been entrusted with property of another, to render an account of his actions and for the recovery of any balance found to be due." *Guardian Music Corp. v. James W. Guerico Enterprises, Inc.*, 459 F.Supp.2d 216, 221 (S.D.N.Y. 2006). "In order to sustain an accounting, a party must establish four elements: (1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." *Dayan Enterpises, Corp. v. Nautica Apparel, Inc.*, 2003 WL 22832706, * 1 (S.D.N.Y. Nov. 26, 2003)(No. 03 CIV 5706 (LLS)) . First, there is no allegation in the complaint that BNA and Plaintiff were

fiduciaries of one another requiring an accounting. Further, when the parties deal at arms length in a commercial transaction, no relation of confidence or trust exists sufficient to find a fiduciary relationship absent extraordinary circumstances. *Mid-Island Hosp. Inc. v. Empire Blue Cross and Blue Shield*, 276 F.3d 123, 130 (2d Cir.), *cert. denied,* 537 U.S. 882 (2002). Here, the Complaint alleges the breach of a commercial contract concerning consulting services provided by Allen to Kennedy and third parties. The Complaint fails to alleges any extraordinary facts which would warrant the imposition of a fiduciary duty among Plaintiff and BNA, who was not a party to the contract, warranting a claim for an accounting. Therefore, the cause of action sounding in an accounting against BNA should be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Complaint against BNA be dismissed in its entirety.

Dated: November 21, 2007
New York, New York

Respectfully submitted,
McLAUGHLIN & STERN, LLP

By: _____
Paul H. Silverman (PS 0583)
Alan E. Sash (AS 8804)
Deanna R. Waldron (DW 2611)
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for Defendant
The Bureau of National Affairs, Inc.*