T. Barry Kingham (TBK-1219)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York  10178-0061
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administrator*
*of the Estate of William Allen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,               :

                                    Plaintiff,              :        Index No. 07 CIV 8431 (HB) (DFE)

            - against -                                     :

KENNEDY INFORMATION, INC.  and                              :
THE BUREAU OF NATIONAL AFFAIRS, INC.
                                                            :
                                    Defendants.
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION OF DEFENDANT THE BUREAU OF
<u>NATIONAL AFFAIRS, INC. TO DISMISS THE COMPLAINT</u>**

Plaintiff Alexandra Allen, Administrator of the Estate of William Allen (the

"Allen Estate"), respectfully submits this memorandum in opposition to the motion of defendant

The Bureau of National Affairs, Inc. ("BNA") to dismiss the complaint pursuant to Fed. R.

Civ. P. 12(b)(6).

<u>Preliminary Statement</u>

Defendant BNA has moved to dismiss the complaint for failure to state claims for

breach of contract (Count One); *quantum meruit* (Count Two); and an accounting (Count Three).

Plaintiff consents to the dismissal of Counts Two and Three as to BNA only[1] and, for the reasons set forth below, opposes the dismissal of Count One.

**COUNT ONE OF THE COMPLAINT STATES A
VALID CLAIM AGAINST BNA FOR BREACH OF CONTRACT**

To state a claim for breach of contract under New York law, a complaint must allege: "(1) a valid contract; (2) plaintiff's performance; (3) defendant's failure to perform; and (4) damages resulting from the breach." Jernow v. Wendy's Int'l, Inc., 2007 U.S. Dist. LEXIS 85104, at *10-11 (S.D.N.Y. Nov. 15, 2007) (quoting Macaluso v. U.S. Life Ins. Co., 2004 U.S. Dist. LEXIS 12454, at * 8-9 (S.D.N.Y. July 2, 2004)). The dispositive issue in a breach of contract claim is whether a legally binding contract exists. See In re Cairns & Associates, Inc., 372 B.R. 637, 561 (Bankr. S.D.N.Y. 2007).

Here, Count One of plaintiff's complaint amply alleges the elements of a claim for breach of contract. The Complaint alleges:

1.    Kennedy Information LLC ("KI") and the late William Allen were parties to a written agreement dated January 26, 2000, pursuant to which Allen agreed to perform services as managing director of the consulting business unit of KI. (Complaint, ¶7).

2.    The obligations of KI pursuant to the written agreement were assigned to defendants Kennedy and BNA on November 7, 2000. (Complaint, ¶8).

3.    Thereafter, Kennedy and BNA undertook to perform all the obligations of KI pursuant to the written agreement. (Complaint, ¶8).

4.    KI was the predecessor in interest of defendants Kennedy and BNA. (Complaint, ¶7).

---

[1]    Only defendant BNA has moved to dismiss the complaint. Defendant Kennedy Information, Inc. has filed an Answer and Counterclaims.

5.    After the written agreement expired "the parties continued their relationship and continued to perform pursuant to that agreement." (Complaint, ¶10).

6.    The "defendants undertook to pay Allen for the services he rendered on behalf of KI and Kennedy." (Complaint, ¶14).

7.    The "defendants failed to pay" what was due to Allen "pursuant to the parties' agreement." (Complaint, ¶15).

8.    "Defendants' failure to pay . . . was a breach of the parties' agreement." (Complaint, ¶16).

9.    Thus, the Complaint alleges the existence of a written contract, assumption by the defendants, its expiration, the parties' continued performance thereafter pursuant to its terms, and the defendants' failure to pay Allen for the services he rendered pursuant to the continued contract.

10.    Despite this clear pleading, defendant BNA argues, first, that BNA was not a signatory to the written agreement.  That is correct, but the Complaint alleges the assignment of the agreement and the assumption of KI's obligations by *both* defendants, Kennedy and BNA.  (Complaint, ¶ 8).  By BNA's own admission (BNA Memo at 4-5), an assignee is bound by the assignor's contract.

Second, BNA argues that the Complaint does not allege BNA's failure to meet its obligations under any contract.  (BNA Memo at 5).  That argument ignores the clear allegation in paragraphs 14 and 15 of the Complaint that the defendants (including BNA) undertook to pay Allen for the services he rendered to Kennedy and that they failed to pay.

Third, BNA asserts that BNA's assumption of the written agreement expired when the agreement expired and that BNA thereafter had no further obligations.  That argument

ignores the allegations of paragraph 10 of the Complaint which states that the "parties," i.e.,

Allen, BNA and Kennedy, continued their relationship after the written agreement expired "and

continued to perform pursuant to that agreement." BNA attempts to avoid this allegation by

asserting that the term "parties" in paragraph 10 somehow excludes BNA. (BNA Memo at 6).

But the complaint reflects no such exclusion. To the contrary, by virtue of their assumption of

the written agreement, BNA and Kennedy became "parties" to that agreement, who continued

their contractual arrangement with Allen after the agreement expired.

The pleading in the Complaint amply satisfies the requirements of <u>Bell Atl. Corp.</u>

<u>v. Twombly</u>, 127 S. Ct. 1955 (2007) and its progeny. For a complaint to survive dismissal under

Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff must plead "enough facts to

state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. at

1974. The Second Circuit has interpreted this "plausibility" language to mean that a court now

must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with

some factual allegation in those contexts where such amplification is needed to render the claim

plausible." <u>Ginsberg v. Gov't Prop. Trust, Inc.</u>, 2007 U.S. Dist. LEXIS 75771, at *53 (Oct. 11,

2007) (quoting <u>Iqbar v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original)). The

allegations in Count One of the Complaint will exceed that standard.

## **Conclusion**

Defendant BNA's motion to dismiss Count One of the Complaint should be

denied.

Dated:  December 19, 2007
        New York, New York

                                CURTIS, MALLET-PREVOST,
                                  COLT & MOSLE LLP

                                By: _____
                                      T. Barry Kingham (TBK-1219)
                                    101 Park Avenue
                                    New York, New York  10178
                                    (212) 696-6000
                                    Attorneys for Plaintiff
                                    *Alexandra Allen as Administrator of the
                                    Estate of William Allen*