T. Barry Kingham (TBK-1219)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administator
of the Estate of William Allen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ALEXANDRA ALLEN, as                                              :
Administrator of the Estate of William Allen,                    :
                                                                 :
                Plaintiff,                         :    Index No. 07 CIV 8431 (HB) (DFE)
                                                                 :
           - against -                                :
                                                                 :
KENNEDY INFORMATION, INC. and                                    :
THE BUREAU OF NATIONAL AFFAIRS, INC.                             :
                                                                 :
                Defendants.                        :
-----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS THE
FIRST AND SECOND COUNTERCLAIMS OF
DEFENDANT KENNEDY INFORMATION, INC.**

Plaintiff Alexandra Allen, Administrator of the Estate of William Allen (the "Allen Estate") respectfully submits this memorandum in support of her motion, pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), to dismiss the First and Second Counterclaims of defendant Kennedy Information, Inc. ("Kennedy").

## Preliminary Statement

This is an action to recover in excess of $700,000 in unpaid fees due to the Allen Estate from defendants Kennedy and the Bureau of National Affairs, Inc. ("BNA") for services William Allen performed as a consultant prior to his untimely death on May 7, 2005. (Complaint, ¶ 1).[1] In its Answer, Kennedy asserts three Counterclaims against the Allen Estate. The First and Second Counterclaims purport to allege breach of contract. The Third Counterclaim alleges conversion. Plaintiff now moves to dismiss the First and Second Counterclaims and is filing a Reply to the Third Counterclaim.

Kennedy's First and Second Counterclaims should be dismissed because they do not allege the existence of a valid contract. Kennedy refers only to unidentified "project agreements" without alleging any facts to identify the terms or even the parties to these alleged agreements. Furthermore, Kennedy does not allege its own obligations under any alleged agreement, nor its performance of any agreement. In sum, Kennedy does not plead the existence of a valid contract or any of its terms and therefore cannot maintain a breach of contract claim.

## The First and Second Counterclaims

The Complaint in this action alleges that William Allen, through his sole proprietorship Beaufort Allen & Associates (collectively, "Allen"), entered into a written agreement with Kennedy Information, LLC ("KI"), the predecessor in interest of defendant Kennedy Information, Inc., on January 26, 2000, to perform consulting services as an independent contractor. (Complaint, ¶¶ 7-9).[2] The obligations of KI were subsequently assigned to and assumed by defendants BNA and Kennedy. (Complaint, ¶ 8). After the written

---

[1] The Complaint is Exhibit A to the declaration of T. Barry Kingham submitted in support of this motion. ("Kingham Decl."). Kennedy's Answer and Counterclaims is Exhibit B.
[2] Defendant BNA has submitted a motion to dismiss the Complaint in lieu of an Answer.

agreement expired by its terms on December 31, 2001, the parties continued to perform pursuant to that agreement until Allen's death on May 7, 2005. (Complaint, ¶ 10).

In its Answer, defendant Kennedy denies the allegation in paragraph 10 of the Complaint that the relationship between Allen and Kennedy continued on the same or similar terms in the 3 ½ years between expiration of the written agreement and Allen's death. (Answer ¶ 8, ¶ 33). Instead, Kennedy alleges:

> 33. After the 2000-01 Agreement expired by its own terms on December 31, 2002 and prior to May 7, 2005, from time to time and on a project by project basis for Kennedy, William Allen *was believed* to have performed consulting services, including keeping project documentation and records and delivering to Kennedy project financial and operational reports that could be supported by William Allen. [emphasis added]

The First Counterclaim asserts:

> 40. Prior to May, 2005, William Allen *obligated himself* with respect to one or more specific projects for Kennedy to perform timely and to complete properly. [emphasis added]
>
> 41. Prior to May, 2005, William Allen *obligated himself* with respect to one or more specific projects for Kennedy to maintain for the benefit of Kennedy original documents as well as to prepare and to retain books and records both financial and operational in regard thereto. [emphasis added]
>
> 42. Upon information and belief, William Allen and/or the Administrator failed to perform properly and fully and/or failed to complete one or more specific projects.
>
> 43. Upon information and belief, prior to and after May, 2005 William Allen and/or the Administrator failed to prepare and/or to retain original documents as well as to prepare and to retain books and records both financial and operational in regard thereto.
>
> 44. After May, 2005 the Administrator, even after request was made, failed and refused to turn-over original documents as well as books and records both financial and operation in regard to and as part of projects undertaken by William Allen to Kennedy.

3

> 45. As a result of the foregoing, William Allen and/or the Administrator breached one or more project agreements.

The Second Counterclaim alleges:

> 47. At a time after May, 2005 and through the present date, although assistance to mitigate damages was sought, the Administrator failed and refused to act in good faith, failed to return or turn-over documents, books and records requisite to timely and proper performance completion of projects to which William Allen had obligated himself.
>
> 48. As a result of the foregoing, William Allen and/or the Administrator breached one or more project agreements.

### Argument

Kennedy's First and Second Counterclaims, purporting to assert claims for breach of contract, should be dismissed because they do not allege the existence of a valid contract. (Answer, ¶¶ 40-46). The elements of breach of contract under New York law are: "(1) a valid contract; (2) plaintiff's performance; (3) defendant's failure to perform; and (4) damages resulting from the breach." Jernow v. Wendy's Int'l, Inc., 2007 U.S. Dist. LEXIS 85104, at *10-11 (S.D.N.Y. Nov. 15, 2007) (quoting Macaluso v. U.S. Life Ins. Co., 2004 U.S. Dist. LEXIS 12454, at *8-9 (S.D.N.Y. July 2, 2004)). The dispositive issue in a breach of contract claim is whether a legally binding contract exists. See In re Cairns & Associates, Inc., 372 B.R. 637, 651 (Bankr. S.D.N.Y. 2007).

The state a claim for breach of contract, a complaint must allege the existence of a valid contract. Serendip LLC v. Franchise Pictures LLC, 2000 U.S. Dist. LEXIS 12946, at *18-19 (S.D.N.Y. Sept. 7, 2000) (Baer, J.); Bonacci v. Lone Star Int'l Energy, Inc., 1999 U.S. Dist. LEXIS 1564, at *14 (S.D.N.Y. Feb. 16, 1999) (Baer, J.) ("To properly plead breach of contract, a plaintiff must allege 'the terms of the contract, each element of the alleged breach, and the resultant damage to the plaintiff.'") (quoting Pits, Ltd. v. Amer. Express Bank Int'l,

911 F. Supp. 710, 719 (S.D.N.Y. 1996)); Zaro Licensing, Inc. v. Cinmar, Inc., 779 F. Supp. 276, 286 (S.D.N.Y. 1991) (holding that a pleading must "at a minimum, allege the terms of a contract"). Although a claimant need not "attach a copy of the contract or [] plead its terms verbatim, a complaint in a breach of contract action must nevertheless set forth the terms of the agreement upon which liability is predicated." Ross v. FSG Privatair Inc., 2004 U.S. Dist. LEXIS 16157, at *11 (S.D.N.Y. Aug. 17, 2004) (internal citations omitted). Kennedy's First and Second Counterclaims do not allege existence of a legal contract, much less any of its terms upon which liability could be predicated for breach of contract.

In its Answer, Kennedy admits the existence of a written agreement between Allen and Kennedy, which expired by its own terms on December 31, 2001. (Answer, ¶ 32). Although the Complaint alleges a contractual relationship among the parties after the written agreement expired (Complaint, ¶ 10), Kennedy denies such a relationship (Answer, ¶ 8) and alleges only that Allen "obligated himself" to Kennedy after the written agreement expired. (Answer, ¶¶ 40-41). Thus, as to the 3 ½ years between expiration of the written agreement and Allen's death, Kennedy alleges only that "from *time to time* and on a *project by project basis* for Kennedy, William Allen *was believed* to have performed consulting services." (Answer, ¶ 33) (emphasis added).

Kennedy does not allege the existence of an agreement between Kennedy and Allen to perform such consulting services. Kennedy also alleges that Allen and/or Administrator, among other failures, "materially failed to perform and to complete performance," on at least one "project," but Kennedy does not identify any contract or other arrangement pursuant to which those obligations to perform arose. (Answer, ¶ 34). Additionally, Kennedy alleges that "William Allen had responsibility for operational and

5

financial reporting on each project for which he was obligated to keep records as well as keeping a copy of each project product," without identifying any agreement from which the supposed responsibility and obligation arose. (Answer, ¶ 37).

While denying the existence of any agreement, Kennedy alleges that prior to his death, Allen somehow unilaterally "obligated *himself*" to, *inter alia*, complete projects and to prepare financial records for Kennedy. (Answer, ¶¶ 40-41). Thus, Kennedy does not plead the existence of a mutual agreement, but on the contrary, only a unilateral "obligation" on Allen's behalf. Kennedy does sporadically refer to vague "project agreements," (Answer, ¶¶ 45-46, 49-50), but does not even identify the parties to any such agreements, when the agreements occurred, or what terms they contained. That pleading is willfully inadequate. See Bloom v. Democratic Nat'l Comm., 2003 U.S. Dist. LEXIS 1434, at *9 (S.D.N.Y. Jan. 29, 2003) (dismissing breach of contract claim because pleading that an agreement was made, without additional details about the parties and terms was not sufficient).

For a complaint to survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The Second Circuit has interpreted this "plausibility" language to mean that a court now must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegation in those contexts where such amplification is needed to render the claim *plausible*." Ginsberg v. Gov't Prop. Trust, Inc., 2007 U.S. Dist. LEXIS 75771, at * 53 (Oct. 11, 2007) (quoting Iqbar v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original)).

In the First and Second Counterclaims, Defendants do not plead the existence of any contract or any of its essential terms, rendering their breach of contract claims wholly

*implausible.* Accordingly, these Counterclaims, purporting to allege breach of contract, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2).[3]

## Conclusion

Defendant Kennedy's First and Second Counterclaims should be dismissed with prejudice.

Dated: December 19, 2007
New York, New York

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: _____
T. Barry Kingham (TBK-1219)
101 Park Avenue
New York, New York 10178
(212) 696-6000
Attorneys for Plaintiff
*Alexandra Allen as Administrator of the Estate of William Allen*

---

[3] In order to survive a motion to dismiss, Rule 8(a) of the Federal Rules of Civil Procedure requires only that a plaintiff's allegations "be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 2007 U.S. App. LEXIS 24728, at *7 (2d Cir. Oct. 23, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 1967 (2007)). Under this standard, the First and Second Counterclaims fall far short of what is required to give notice to the Plaintiff of the substance of the claim against her. See Fed. R. Civ. P. 8(a)(2) (requiring, *inter alia*, that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief.").