T. Barry Kingham (TBK-1219)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administator*
*of the Estate of William Allen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALEXANDRA ALLEN, as                                         :
Administrator of the Estate of William Allen,               :
                                                            :
                Plaintiff,           :      Index No. 07 CIV 8431 (HB) (DFE)
                                                            :
        - against -                                      :      **PLAINTIFF'S REPLY TO**
                                                            :      **THIRD COUNTERCLAIM**
KENNEDY INFORMATION, INC. and                               :      **OF DEFENDANT**
THE BUREAU OF NATIONAL AFFAIRS, INC.                        :      **KENNEDY INFORMATION, INC.**
                                                            :
                Defendants.         :
------------------------------------------------------------X

        Plaintiff and Counterclaim Defendant Alexandra Allen, as Administrator of the Estate of William Allen ("Allen" or "Plaintiff"), by her undersigned attorneys, as and for her reply to the numbered paragraphs of the Third Counterclaims of defendant Kennedy Information, Inc. and states:

        1.     Admits the allegations in paragraph 28.

        2.     Admits the allegations in paragraph 29.

        3.     Admits, on information and belief, the allegations in paragraph 30.

        4.     Admits the allegations in paragraph 31, except states that plaintiff's first name is "Alexandra."

-2-

5. Denies the allegations in paragraph 32, except admits that a written agreement dated January 26, 2000 was entered into by Beaufort Allen & Associates and Kennedy Information, LLC, and that the agreement was assigned to The Bureau of National Affairs ("BNA") and/or a wholly owned subsidiary of BNA named Kennedy Information, Inc.

6. Denies the allegations in paragraph 33, except admits that the written agreement referred to in paragraph 5, above, expired by its terms on December 31, 2001 and admits that after the written agreement expired on December 31, 2001, the parties continued their relationship and continued to perform pursuant to the agreement until Mr. Allen's death on May 7, 2005.

7. Denies the allegations in paragraph 34.

8. Denies the allegations in paragraph 35 and states that plaintiff has no obligation to turnover the listed material.

9. Denies the allegations in paragraph 36 and states that plaintiff has no obligation to turnover the listed material.

10. Denies the allegations in paragraph 37.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 38, and admits the second sentence of paragraph 38.

12. Admits that defendant Kennedy repeats and realleges the paragraphs referred to in paragraph 51.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and states that the definition of "Kennedy Property" is too vague as to merit a response.

14. Denies the allegations of paragraph 53, and states that the definition of "Kennedy Property" is too vague as to merit a response.

15. Denies the allegations in paragraph 54, except admits that defendant Kennedy has requested the return of certain property.

16. Admits that plaintiff has not delivered to defendant Kennedy property that defendant Kennedy has requested and otherwise denies the allegations in paragraph 55.

17. Admits that plaintiff has not delivered to defendant Kennedy property that defendant Kennedy has requested and otherwise denies the allegations in paragraph 56.

18. Denies the allegations in paragraph 57.

19. Denies the allegations in paragraph 58.

## FIRST AFFIRMATIVE DEFENSE

20. The Third Counterclaim must be dismissed because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

21. The Third Counterclaim must be dismissed because it fails to identify with sufficient specificity any property in possession of the plaintiff that rightfully belongs to defendant.

**WHEREFORE,** Counterclaim Defendant Allen demands judgment against Counterclaim Plaintiff Kennedy, as follows:

    a. Dismissing the Third Counterclaim in its entirety;

    b. Awarding Allen costs and disbursements of this action and attorneys' fees; and

      c.      Awarding such other and further relief as this Court deems just and proper.

Dated: December 19, 2007
       New York, New York

                                        CURTIS, MALLET-PREVOST,
                                        COLT & MOSLE LLP

                                      By: _____
                                          T. Barry Kingham (TBK-1219)
                                      101 Park Avenue
                                      New York, New York  10178
                                      (212) 696-6000
                                      Attorneys for Plaintiff
                                      *Alexandra Allen as Administrator of the*
                                      *Estate of William Allen*