McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)

*Attorneys for Defendant Kennedy Information, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

Plaintiff,

-against-

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC
.

Defendants.

---------------------------------------------------------------X

Docket No. 07 CIV 8431 (HB)(DFE)

**DECLARATION OF DEANNA R. WALDRON IN SUPPORT OF KENNEDY INFORMATION, INC.'S MOTION TO DISMISS COUNTS TWO AND THREE OF THE COMPLAINT**

Electronically Filed

Deanna R.Waldron, an attorney duly admitted to practice law in the Courts of the State of New York and the United States District Court of the Southern District of New York, declares the following to be true under the penalties of perjury pursuant to 28 U.S.C. §1746:

1. I am a member of the law firm McLaughlin & Stern, LLP, attorneys for defendant Kennedy Information, Inc. ("Kennedy") in the above-captioned action. I submit this declaration in support of Kennedy's motion to dismiss counts two (*quantum meruit*) and three (accounting) of the Complaint against it for failure to state a cause of action for which relief can be granted.

2. A true and correct copy of the Complaint in the above-captioned action is annexed

hereto as Exhibit "A".

3. According to the Complaint, William Allen (hereinafter referred to as "Allen") entered into a written agreement dated November 26, 2000 (hereinafter referred to as the "2000 Agreement") with a third party, Kennedy Information, LLC. The contract, among other things, provided that Allen perform consulting services on behalf of Kennedy Information, LLC and its clients. See Exhibit "A" at ¶7.

4. The Complaint further alleges that, on November 7, 2000, the contractual obligations of Kennedy Information, LLC were assigned to defendant Kennedy. See Exhibit "A" at ¶8.

5. The 2000 Agreement by its written terms, as alleged in the Complaint, expired on December 31, 2001. See Exhibit "A" at ¶10.

6. After the 2000 Agreement expired by its own terms on December 31, 2001, the Complaint alleges that Allen and Kennedy continued their business relationship under terms similar to those in the parties' original contract until Allen's death on May 7, 2005. See Exhibit "A" at ¶¶10-11.

7. The Complaint seeks recovery based on enforcement of an alleged contract.

8. The Complaint is without allegation of any fiduciary relationship between Allen and Kennedy.

9. As a result of the above, Counts Two and Three of the Complaint failed to state a claim for which relief can be granted against Kennedy and, and such, should be dismissed.

10. It is respectfully submitted that as a matter of law, Counts Two and Three of the Complaint should not compel Kennedy and the Court to bear the added burden of discovery and

trial if each is not dismissed now at case inception.

WHEREFORE, Kennedy respectfully requests that this Court grant its motion to dismiss counts two and three of the Complaint against it.

Dated: New York, New York
January 2, 2008

Deanna R. Waldron (DW 2611)