T. Barry Kingham (TBK-1219)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administator
of the Estate of William Allen*



**JUDGE BAER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

**07 CIV 8431**

ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                Plaintiff,

    - against -                             **COMPLAINT**

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

                Defendants.
---------------------------------------------------------------X

       Plaintiff Alexandra Allen, as Administrator of the Estate of William Allen (the "Allen Estate"), by her undersigned attorneys, as and for her complaint against defendants Kennedy Information, Inc. ("Kennedy") and The Bureau of National Affairs, Inc. ("BNA") alleges:

### Nature of Action

    1.    This is an action to recover in excess of $700,000 in unpaid fees due to the Allen Estate from defendant Kennedy, for which William Allen performed services as a consultant prior to his untimely death on May 7, 2005.

## Jurisdiction And Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different States and the amount in controversy exceeds the sum and value of $75,000 exclusive of interest and costs.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events and omissions giving rise to the claim occurred in this district.

## Parties

4. Plaintiff Alexandra Allen is a resident and citizen of the State of New York, residing at 120 East 62nd Street, New York, NY 10022. Pursuant to Letters of Administration dated June 14, 2005, Ms. Allen was appointed by the New York County Surrogate as the administrator of the Allen Estate, which is the intestate estate of her late husband, William Allen. The Allen Estate is the successor in interest to all of the rights and entitlements of William Allen.

5. Upon information and belief, defendant Kennedy is a Delaware corporation with its principal place of business at 1 Phoenix Mill Lane, Peterborough, New Hampshire 03458.

6. Upon information and belief, defendant BNA is a Delaware corporation with its principal place of business at 1231 25th Street, N.W., Washington, D.C. 20037.

## Facts

7. Pursuant to a written agreement dated January 26, 2000 William Allen, through his sole proprietorship Beaufort Allen & Associates (collectively, "Allen") agreed to perform services as a consultant for Kennedy Information, LLC ("KI"), the predecessor in interest of defendants Kennedy and BNA. The agreement provided that Allen would be

managing director of the consulting business unit of KI, which provided information and advisory services to consulting firms and their clients.

8. On or about November 7, 2000, the obligations of KI pursuant to the January 26, 2000 written agreement were assigned to defendants Kennedy and BNA, with Allen's consent. Thereafter, Kennedy and BNA undertook to perform all the obligations of KI pursuant to the January 26, 2000 written agreement.

9. In the January 26, 2000 written agreement, Allen agreed to provide services to KI and Kennedy as an independent contractor. KI and Kennedy agreed to compensate Allen by paying him 66.7 percent of all revenues from their projects after expenses.

10. After the January 26, 2000 written agreement expired by its terms on December 31, 2001, the parties continued their relationship and continued to perform pursuant to that agreement until Mr. Allen's death on May 7, 2005. However, at or about the time the January 26, 2000 written agreement expired, the parties modified the compensation method. Thereafter gross revenues from their projects were shared 33.3 percent to Kennedy and 66.7 percent to Allen and Allen paid the expenses of the venture.

11. From on or about January 26, 2000 until his death on May 7, 2005, Allen performed all the services required of him by the January 26, 2000 written agreement and the parties' continuing agreement. During that period defendant Kennedy made periodic payments to Allen for those services and provided Allen with periodic reconciliation statements.

12. After Allen died on May 7, 2005, however, defendant Kennedy made only partial payments to the Allen Estate for amounts due to Allen and failed to account fully for and pay all of the compensation due to Allen for services rendered prior to his death. On information and belief the amount due and owing exceeds $700,000.

## Count One
### (Breach of Contract)

13. Plaintiff repeats and realleges paragraphs 1 through 13.

14. Allen performed services on behalf of KI and Kennedy pursuant to the January 26, 2000 written agreement and the parties' continuing agreement, and defendants undertook to pay Allen for the services he rendered to and on behalf of KI and Kennedy.

15. On and after May 7, 2005, defendants failed to pay the Allen Estate in excess of $700,000 that was due and owing to Allen pursuant to the parties' agreement.

16. Defendants' failure to pay for Allen's services, as agreed, was a breach of the parties' agreement.

17. Accordingly, defendants are liable to plaintiff in an amount to be established at trial, in excess of $700,000.

## Count Two
### (Quantum Meruit)

18. Plaintiff repeats and realleges paragraphs 1 through 17.

19. Allen performed services in good faith on behalf of and for the benefit of KI and Kennedy which accepted those services.

20. Pursuant to the parties' relationship, Allen reasonably expected to receive compensation for those services in the amount of 67.6% of revenues.

21. Defendants have failed to pay to the Allen Estate the reasonable value of the services rendered and have thereby been unjustly enriched.

22. Accordingly, defendants are liable to Allen for the unpaid value of the services rendered in an amount to be established at trial, in excess of $700,000.

## Count Three
### (Accounting)

23. Plaintiff repeats and realleges paragraphs 1 through 22.

24. Defendant Kennedy maintained the books and records reflecting the amounts due from and paid by Kennedy's clients and the amounts due to Allen pursuant to the parties' agreement.

25. By virtue of its maintenance of the books of account, defendant Kennedy undertook to provide full and complete accounting for the amounts due to Allen.

26. Defendant Kennedy has failed to account for all the amounts due to the Allen Estate as a result of services rendered by Allen.

27. Accordingly, plaintiff is entitled to a full and accurate accounting of all sums due from and paid by Kennedy's clients and due to plaintiff as a result of services provided by Allen to defendants.

## Jury Demand

Plaintiff requests trial by jury of all issues so triable.

**WHEREFORE,** plaintiff demands judgment against defendants Kennedy and BNA in an amount to be established at trial in excess of $700,000, an accounting, and such other and further relief as the Court deems appropriate.

Dated: September 28, 2007
       New York, New York

Respectfully submitted,

CURTIS, MALLET-PREVOST,
    COLT & MOSLE LLP

By: _____
    T. Barry Kingham (TBK-1219)
101 Park Avenue
New York, New York 10178
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administrator of the
Estate of William Allen*