McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)

*Attorneys for Defendant Kennedy Information, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                Plaintiff,

    -against-

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

                Defendants.
------------------------------------------------------------X

07 CIV 8431 (HB)(DFE)

Electronically Filed


**KENNEDY INFORMATION, INC.'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS TWO AND THREE OF THE COMPLAINT**


McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for Defendant
Kennedy Information, Inc.*

**PRELIMINARY STATEMENT**

Kennedy Information, Inc. (hereinafter "Kennedy") moves to dismiss the *quantum meruit* and the accounting counts of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). As set forth more fully below, the Complaint seeks recovery based on contract enforcement and the Complaint is bereft of any allegations concerning a fiduciary relationship between the parties. Accordingly, as a matter of law Plaintiff cannot maintain the Complaint Counts Two and Three, sounding in *quantum meruit* and accounting, and as such each count should be dismissed now to avoid unnecessary expense and effort on the part of the parties and the Court.

**STATEMENT OF FACTS**

According to the Complaint, William Allen (hereinafter referred to as "Allen") entered into a written agreement dated November 26, 2000 (hereinafter referred to as the "2000 Agreement") with a third party, Kennedy Information, LLC. The contract, among other things, provided that Allen perform consulting services on behalf of Kennedy Information, LLC and its clients. *See* Exhibit "A" at ¶7.[1] On November 7, 2000, the contractual obligations of Kennedy Information, LLC were allegedly assigned to defendants Kennedy Information, Inc. (hereinafter referred to as "Kennedy") and BNA. *See* Exhibit "A" at ¶8. After the 2000 Agreement expired, by its terms on December 31, 2001, Allen and Kennedy continued their business relationship allegedly under terms similar to those in the parties' original written contract until Allen's death on May 7, 2005. *See* Exhibit "A" at ¶¶10-11. Kennedy made periodic payments to Allen for his services. *Id.*

After Allen's death, his estate (hereinafter referred to as "Plaintiff" or "Estate") commenced

---

[1] References to "Exhibit(s) __" are to those exhibits annexed to the Declaration of Deanna R. Waldron, dated January 2, 2008, submitted herewith.

the within action alleging that defendant Kennedy made only partial payments to the Estate, failed to fully compensate Allen for his consulting services prior to his death, and failed to account to Allen. *See* Exhibit "A" at ¶12, 26. The complaint alleges three causes of action against the defendants including breach of contract, *quantum meruit* and an accounting.

## ARGUMENT

Under the Supreme Court's recent holding in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), which set the current standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Complaint Counts Two and Three must be dismissed against defendant Kennedy on the ground that it does not set forth enough facts to state a claim to relief that is plausible on its face. *Twombly*, 127 S.Ct. at 1974; *see also Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). Plaintiff has failed to provide the grounds of her "entitle[ment] to relief" against Kennedy regarding Counts Two and Three and has done no more than provide "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65. This is not sufficient under *Twombly* and its progeny. At this stage in the proceeding, the Court is not concerned with weighing the evidence which would be presented at trial and must limit itself to facts stated in the Complaint, documents attached to the Complaint, and documents incorporated into the Complaint. *Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 327 (2d Cir. 2005); *Ello v. Singh*, 2007 WL 3084979, *4 (S.D.N.Y. Oct. 19, 2007)(No. 05-CV-9625 (KMK)).

Applying this standard to the Complaint Counts Two and Three, Plaintiff has not and cannot state a claim against Kennedy as a matter of law. The Complaint Counts Two and Three do not give defendant Kennedy "fair notice of what the claim is and the grounds upon which it rests" *Twombly*, 127 S.Ct. at 1965. Nor do Complaint Counts Two and Three contain factual allegations sufficient

"to raise a right to relief above the speculative level . . . " *Id.* at 1965. The Complaint counts based on *quantum meruit* and accounting contain nothing more than conclusory allegations which on their face are insufficient to defeat a motion pursuant to Rule 12(b)(6) as each is inconsistent with the underlying singular allegations of breach of contract. Accordingly, Plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible" and as such Counts Two and Three of the Complaint must be dismissed *Id.* at 1974; *see also Dorcely v. Wyandach Union Free School District*, 2007 WL 2815809, *4 (E.D.N.Y. Sep. 25, 2007)(No. 06-CV-1265 (DRH)(AKT)).

A. **Plaintiff's Claim for *Quantum Meruit* Should be Dismissed**

The claim against Kennedy for *quantum meruit* should be dismissed for failing to state a claim because Plaintiff alleges that there is a valid and enforceable contract between William Allen and Kennedy, and as such, Plaintiff cannot recover on a duplicate theory of *quantum meruit*.

New York law does not permit recovery in *quantum meruit* if the parties have a valid, enforceable contract that governs the same subject matter as the *quantum meruit* claim. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corporation*, 418 F.3d 168, 175 (2d Cir. 2005); *Gaind v. Pierot*, 2006 WL 846268, *8 (S.D.N.Y. March 31, 2006)(TPG); *Zito v. Fischbein, Badillo, Wagner & Harding*, 35 A.D.3d 306, 307, 831 N.Y.S.2d 25 (1st Dept. 2006). This restriction on *quantum meruit* claims bars recovery by Plaintiff against Kennedy here.

First and foremost, Plaintiff alleges that the existence of a contract between Allen and Kennedy governing the particular subject matter of her claim for *quantum meruit*. *See* Exhibit "A" at ¶¶7-11. According to the Complaint, Allen entered into the 2000 Agreement with a third party, Kennedy Information, LLC. See Exhibit "A" at ¶7. The 2000 Agreement, among other things, provided that Allen perform consulting services on behalf of Kennedy Information, LLC and its

clients. See Exhibit "A" at ¶7. The Complaint further alleges that, on November 7, 2000, the contractual obligations of Kennedy Information, LLC were assigned to defendant Kennedy. See Exhibit "A" at ¶8. The Complaint alleges that in the 2000 Agreement, Allen agreed to provide services to Kennedy and Kennedy agreed to compensate Allen by paying him 66.7 percent of the revenue from the projects after expenses. See Exhibit "A" at ¶9. After the 2000 Agreement expired, by its terms on December 31, 2001, Allen and Kennedy continued their business relationship allegedly under terms similar to those in the parties' original written contract until Allen's death on May 7, 2005. *See* Exhibit "A" at ¶¶10-11. Kennedy made periodic payments to Allen for his services. *Id.* See Exhibit "A" at ¶¶10-11. The Complaint seeks recovery based on enforcement of the 2000 Agreement for Kennedy's alleged breach in its failure to pay Allen and Plaintiff. See Exhibit "A" at ¶14-17. Because the allegations regarding payment to Allen under the 2000 Agreement govern the same subject matter as the *quantum meruit* claim, Plaintiff is precluded from maintaining a cause of action sounding in *quantum meruit* or quasi contract against Kennedy.

Further, any alleged damages suffered by Plaintiff may be recovered under the breach of contract claim based on defendant Kennedy's alleged failure to compensate Allen for the services he provided. Plaintiff should not be allowed to recover a second time through *quantum meruit*. Accordingly, given the allegations in the Complaint, the claim for *quantum meruit* must be dismissed.

### B.   Plaintiff's Claim for an Accounting Should be Dismissed

The Complaint Count Three, for an accounting, does not set forth operative facts, which when construed in Plaintiff's favor, establishes a right to relief. *See* Exhibit "A" at ¶¶24-27. An accounting is an equitable remedy "designed to provide a means for compelling one, who has

because of a confidential or trust relationship has been entrusted with property of another, to render an account of his actions and for the recovery of any balance found to be due." *Guardian Music Corp. v. James W. Guerico Enterprises, Inc.*, 459 F.Supp.2d 216, 221 (S.D.N.Y. 2006). "In order to sustain an accounting, a party must establish four elements: (1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." *Dayan Enterpises, Corp. v. Nautica Apparel, Inc.*, 2003 WL 22832706, * 1 (S.D.N.Y. Nov. 26, 2003)(No. 03 CIV 5706 (LLS)) . First, there is no allegation in the complaint that Kennedy and Plaintiff were fiduciaries of one another requiring an accounting. Further, when the parties deal at arms length in a commercial transaction, no relation of confidence or trust exists sufficient to find a fiduciary relationship absent extraordinary circumstances. *Mid-Island Hosp. Inc. v. Empire Blue Cross and Blue Shield*, 276 F.3d 123, 130 (2d Cir.), *cert. denied*, 537 U.S. 882 (2002). Here, the Complaint alleges the breach of a commercial contract concerning consulting services provided by Allen to Kennedy. As found in a similar situation (in which the plaintiffs sought money damages under a breach of contract theory as well as an accounting claim), the Second Circuit dismissed the accounting claim holding, *"[a]ccordingly, no useful purpose would be served by treating the plaintiff's equitable accounting claim as an additional, and duplicative, action at law." Leveraged Leasing Admin.Corp., et. al. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 49 (2d. Cir. 1996) (emphasis added). In a more recent decision, the Second Circuit had occasion to again find against the attempt to seek accounting in a commercial contract fact pattern. In so holding against the plaintiff, the court quoted a prior case, "[W]hen parties deal at arms length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary

relationship will arise absent extroaordinary circumstances. " *Mid-Island Hospital, Inc.*, 276 F.3d at 130. So too, the Complaint herein fails to alleges any extraordinary facts which would warrant the imposition of a fiduciary duty among Plaintiff and Kennedy, an alleged party to the contract, warranting a claim for an accounting. Therefore, the cause of action sounding in an accounting must be dismissed as a matter of law.

## **CONCLUSION**

For the reasons set forth above, we respectfully request that the Complaint Counts Two and Three against Kennedy be dismissed in its entirety

Dated: New York, New York
January 2, 2008

Respectfully submitted,
McLAUGHLIN & STERN, LLP

By: _____
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for Defendant*
*Kennedy Information, Inc.*