McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)
*Attorneys for Defendant The Bureau of National Affairs, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

              07 CIV 8431 (HB)(DFE)

     Plaintiff,

  -against-           <u>Electronically Filed</u>

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

     Defendants.

------------------------------------------------------------X

## **THE BUREAU OF NATIONAL AFFAIRS, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for Defendant*
*The Bureau of National Affairs, Inc.*

## PRELIMINARY STATEMENT

The Bureau of National Affairs, Inc. ("BNA") herein sets forth its Reply and further support of its motion to dismiss the Complaint on the grounds that BNA is not a proper party to this action. Fed.R.Civ.P. 12(b)(6). As at this time, the Complaint against BNA has one cause of action and that count is based on breach of contract; plaintiff Alexandra Allen, as Administrator of the Estate of William Allen ("Plaintiff"), having consented, in its filed opposition papers, to dismissal of the counts based on quantum meruit and accounting. Plaintiff's Memorandum of Law in Opposition to the Motion of Defendant The Bureau of National Affairs, Inc. to Dismiss the Complaint, dated December 19, 2007 ("Pl. Mem."), at p. 2.

By prior letter to the court, Plaintiff elected not to amend its complaint to rectify the paucity identified in the moving papers and so, as set forth more fully below and in its moving memorandum, the Complaint remains bereft of any allegations concerning BNA's involvement in the transactions at issue, and as such warrants dismissal. The material set forth and available in the filed moving papers, dated November 21, 2007 are not unnecessarily repeated herein.

## ARGUMENT

**The Complaint Should be Dismissed Against BNA as
Plaintiff Cannot Meet the Standard to Rebut a Motion to Dismiss**

Both Plaintiff and BNA rely on the same leading case: a 2007 decision by the Supreme Court. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007). See, Plaintiff, in both its opposition to BNA's motion (Pl. Mem. at 4) and in support of its own motion to dismiss defendant Kennedy Information, Inc.'s First and Second Counterclaims, dated December 19,

-2-

2007 ("Pl. Kennedy Mem."). The Supreme Court in *Twombly* held that a complaint must allege facts that are not merely consistent with the conclusion that defendant violates the law, but which actively and plausibly suggests that conclusion. *Twombly,* 127 S.Ct. at 1966.  Yet, Plaintiff's complaint does not meet that standard; it does not serve BNA with fair notice of the claim against BNA and the grounds upon which that claim rests. *Twombly,* 127 S.Ct. at 1964-65.

Plaintiff itself recognizes in its motion to dismiss the Kennedy Counterclaims that the Second Circuit has interpreted this "plausibility" standard as obliging a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. (Pl. Kennedy Mem. at 6); see *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007) which interpreted *Twombly* as instituting a "plausibility standard" requiring amplification of facts in a complaint.

Here, the Complaint does not provide the necessary amplification to render the claim against BNA plausible. Contrary to what the Plaintiff argues in opposition, the Complaint does not allege elements of a breach of contract action against BNA in contrast to its pleading against Kennedy (Kennedy did not make a Rule 12 (b)(6 ) motion to dismiss the breach of contract claim), merely a "formulaic recitation of the elements of a cause of action" for breach of contract which is not sufficient under *Twombly*. See Exhibit "A" at ¶8, 14-16 . Beyond reciting the elements of a contract claim, the Complaint contains a paucity of allegation of facts involving BNA and does not provide specific allegations as to the elements of the cause of action against BNA and the specific misconduct on BNA's part. Indeed, when Plaintiff had the opportunity to amend the Complaint, under the Court's individual practice rules, if it had the basis to cure this defect,  it did not do so.

-3-

In its defense of this motion, Plaintiff takes liberty of generously interpreting the Complaint text. Compare that interpretation with a natural reading of the Complaint. The Complaint text just does not fairly lend itself to an understanding of what relationship, if any BNA had with William Allen ("Allen") after the contract expired by its own terms in 2001. There is just no allegation that during the involved time period, BNA evidenced an obligation to pay Allen for the services requested by and rendered to Kennedy Information, Inc. ("Kennedy") nor any basis that BNA made an obligation or failed to pay. (see, Pl. Mem. at 3).

Again, the Complaint does not allege with sufficient plausibility that BNA did in fact have a continuing obligation in the relationship between Allen and Kennedy. Instead, the Complaint contains  no factual allegations and only contains conclusory allegations of a relationship during the relevant time of the alleged breach. The Complaint simply states, "after the written agreement expired the parties [sic] continued their [sic] relationship and continued to perform pursuant to that agreement" (Exhibit "A" at ¶ 10) but offers no facts from which inferences of a relationship during the involved time period between BNA and Allen can be drawn and uses "parties" and "their" following discussion of Kennedy and Allen agreement without reference to BNA. In this regard, these quoted references refer back to prior allegations in the Complaint which explicitly discuss Allen's alleged agreements only with Kennedy. See *Cannon v. Douglas Elliman*, LLC, 2007 WL 4358456*5,  (S.D.N.Y. Dec. 10, 2007)(NRB). Thus, the Complaint is discussing the relationship between Kennedy and Allen as the parties to any contract during the time period relevant to the complained of events. The Complaint identifies "Kennedy" and not "Kennedy and BNA" wherein the Complaint set forth any contract terms, vague as they are references, during the times relevant to the complained of events.

For good reason the Complaint does not identify BNA as a party during the times relevant to the complained of events. There simply is no basis in fact to bring BNA into a matter which the Complaint only vaguely identifies, for the involved time period, the alleged acts and omissions of Kennedy, which is conceded to have operated out of out of a different location in a different state, with its own set of officers and staff and operating a niche business from that of BNA.

Consistent with the above and contrary to Plaintiff's contention, at Pl. Mem. at 4, nothing in the Complaint nor even in Plaintiff's opposition to this motion, alleged how BNA had any obligation in or played any role in the alleged agreement during the involved time period. See Exhibit "A" at ¶¶8-12. In fact, the Complaint alleges only that BNA assumed the 2000 Agreement, which the Complaint itself states expired on December 31, 2001. The Complaint is alleging breaches of understandings between Kennedy and Allen taking place at various time periods after the expiration of that contract. There is a very simple explanation as to why there is no specific allegation as to BNA in the Complaint regarding the acts/omissions complained of during the relevant time period and no filing of an amended Complaint to include any such allegations: BNA was not involved. See Exhibit "A" at ¶¶9-12.

Exactly as in *Twombly*, this Complaint relies on conclusory allegations with regard to BNA and as such serves as insufficient notice to BNA of the facts underlying any breach of contract claim. In fact, this motion flushed out that the Plaintiff has nothing to add to this complaint regarding BNA. Plaintiff's election not to amend is eloquent concession that it has nothing that it can allege against BNA. As such, it is time to dismiss the complaint against BNA for the same reasons expressed by the Supreme Court in *Twombly*.

Accordingly, the Complaint does not meet the minimum standard to sufficiently plead the facts underlying the breach of contract claim "to raise the right to relief above the speculative level," *Twombly*, 127 S.Ct. at 1964-65, and the Complaint against BNA and should be dismissed.

## CONCLUSION

For the reasons set forth above and in the moving papers previously filed, we respectfully request that the Complaint against BNA be dismissed.

Dated: January 7, 2008
      New York, New York

                              Respectfully submitted,
                              McLAUGHLIN & STERN, LLP

                              By: _____
                              Paul H. Silverman (PS 0583)
                              Deanna R. Waldron (DW 2611)
                              260 Madison Avenue
                              New York, New York 10016
                              (212) 448-1100
                              *Attorneys for Defendant*
                              *The Bureau of National Affairs, Inc.*