T. Barry Kingham (TBK-1219)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administator
of the Estate of William Allen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,    :

                Plaintiff,    :   Index No. 07 CIV 8431 (HB) (DFE)

    - against -    :

KENNEDY INFORMATION, INC. and    :
THE BUREAU OF NATIONAL AFFAIRS, INC.

                :
                Defendants.
-----------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANT KENNEDY INFORMATION, INC. TO DISMISS COUNTS TWO AND THREE OF THE COMPLAINT

       Plaintiff Alexandra Allen, Administrator of the Estate of William Allen (the "Allen Estate"), respectfully submits this memorandum in opposition to the motion of defendant Kennedy Information, Inc. ("Kennedy") to dismiss counts two and three of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### Preliminary Statement

       Defendant Kennedy has moved to dismiss counts two and three of the complaint, which allege claims for *quantum meruit* (Count Two), and an accounting (Count Three).

Plaintiff consents to the dismissal of Count Three and, for the reasons set forth below, opposes the dismissal of Count Two.

### COUNT TWO OF THE COMPLAINT STATES A VALID CLAIM AGAINST KENNEDY FOR *QUANTUM MERUIT*

Kennedy does not dispute that Count Two of plaintiff's complaint amply alleges all the elements of a claim for *quantum meruit*.[1] Kennedy argues, however, that Count Two should fail "because Plaintiff alleges that there is a valid and enforceable contract between William Allen and Kennedy, and as such, Plaintiff cannot recover on a duplicate theory of *quantum meruit*." (Kennedy Memo at 4).

While Kennedy is correct that New York law does not permit *recovery* for both *quantum meruit* and breach of contract for the same subject matter, both claims may be pleaded in the complaint. As this Court stated in *Diversified Carting, Inc. v. City of New York*, 423 F. Supp. 2d 85, 99 (S.D.N.Y. 2005): "[I]t is well settled that a plaintiff is permitted to plead in the alternative" before a valid, enforceable contract is established. Moreover, as the court stated in *George Lombard and Lomar, Inc. v. Econ. Dev. Admin. of Puerto Rico*, 1997 U.S. Dist. LEXIS 23716, at *35 (S.D.N.Y. Oct. 8, 1997) (citing *Int'l Customs Assoc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1257 (S.D.N.Y. 1995)): "[A]lthough plaintiffs cannot recover under *quantum meruit* where an enforceable contract covers the services rendered, they may plead in the alternative should the contract be found invalid." *See also Gerard Klauer Mattison & Co., LLC v. Shared Tech. Inc.*, 1997 U.S. Dist. LEXIS 9974, at *8 (S.D.N.Y. July 14, 1997) ("there is nothing to prevent the plaintiff from arguing in the alternative for payment for services rendered

---

[1] To state a claim for *quantum meruit* under New York law, a complaint must allege "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefore, and (4) the reasonable value of the services." *Diversified Carting, Inc. v. City of New York*, 423 F. Supp. 2d 85, 97 (S.D.N.Y. 2005) (Baer, J.) (quoting *Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 98 (2d Cir. 1994)).

should the court find that the contract is invalid"); *DKR Capital, Inc. v. AIG Int'l W. Broadway Fund,* 2003 U.S. Dist. LEXIS 17498, at *14-15 (S.D.N.Y. Oct. 2, 2003) ("[F]ederal courts have construed the lenient provisions for alternative pleading in the Federal Rules of Civil Procedure 8(e)(2) to permit plaintiffs 'to sue on a contract, and at the same time alternatively repudiate the agreement and seek recovery on a *quantum meruit* claim.'") (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1283 (2d ed. 1990)).

Here, plaintiff's alternative pleading of claims for breach of contract and *quantum meruit* is entirely proper.

### Conclusion

Defendant Kennedy's motion to dismiss Count Two of the Complaint should be denied.

Dated: January 10, 2008
New York, New York

                                         CURTIS, MALLET-PREVOST,
                                         COLT & MOSLE LLP

                                         By: _____
                                             T. Barry Kingham (TBK 1219)
                                         101 Park Avenue
                                         New York, New York 10178
                                         (212) 696-6000
                                         Attorneys for Plaintiff
                                         *Alexandra Allen as Administrator of the*
                                         *Estate of William Allen*