McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)
*Attorneys for Defendant Kennedy Information, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                        07 CIV 8431 (HB)(DFE)

        Plaintiff,

  - against-                              Electronically Filed

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

        Defendants.
------------------------------------------------------------- X

**KENNEDY INFORMATION, INC.'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS MOTION TO
DISMISS COUNTS TWO AND THREE OF THE COMPLAINT**

**PRELIMINARY STATEMENT**

Kennedy Information, Inc. ("Kennedy") herein sets forth its Reply and further support of its motion to dismiss Counts Two (*quantum meruit*) and Three (accounting) of the Complaint. As at this time, the Complaint against Kennedy has two causes of action based on breach of contract and *quantum meruit*; plaintiff Alexandra Allen, as Administrator of the Estate of William Allen ("Plaintiff"), having consented, in its filed opposition papers, to dismissal of Count Three based on accounting. Plaintiff's

Memorandum of Law in Opposition to the Motion of Defendant Kennedy Information, Inc. to Dismiss Counts Two and Three of the Complaint, dated January 10, 2008 ("Pl. Mem."), at p. 2. Plaintiff continues to press the *quantum meruit* basis for recovery based only on contract allegations.

Plaintiff elected not to amend its Complaint to rectify the problem identified in the moving papers, to wit, there is no dispute that there were agreements between William Allen ("Allen") and Kennedy, *ergo quantum meruit* is not properly pled. As set forth more fully below and in Kennedy's moving memorandum, Plaintiff cannot recover under both a breach of contract and *quantum meruit* claim. Where the pleadings allege the existence of a valid and enforceable contract that governs the subject matter, and does not plead allegations in the alternative to support equitable relief in the absence of a contract, dismissal of the *quantum meruit* claim is warranted. Thus, dismissal is entirely appropriate given the pleadings herein involve not whether a contract exists but rather what are the contracts' terms and was there party compliance therewith. Quite simply there is no pled basis for equitable relief, only law relief. The material set forth and available in the filed moving papers, dated January 2, 2008, are not unnecessarily repeated herein.

## ARGUMENT

### Count II of The Complaint Seeking Equitable Relief Should be Dismissed Against Kennedy as the Complaint Only Pleads Allegations Supporting Breach of Contract

*Quantum meruit* claims should be dismissed where there exists a valid agreement, the scope of which covers the dispute between the parties. *Gaind v. Pierot*, 2006 WL 846268, *8 (S.D.N.Y. March 31, 2006)(TPG); This is classic law, not a new legal thought. See *Clark-Fitzpatrick, Inc. v Long Island Railroad Co.*, 70 N.Y.2d 382, 388-389 (1987). Here, both parties agree that there were valid contract(s) that governed the rights of the parties, and only have differing views on the proper contracts, their terms and the

parties' compliance with the terms. A comparison with the within Complaint allegations and plaintiff's opposition papers, supports the reasoning that a pleading in equity is unavailable in addition to a pleading on contract law based on the same fact allegations.

The Complaint herein alleges one fact pattern and that fact patterns is solely based on a contract being in existence and being breached. There are no alternative facts pled to support a *quantum meruit* claim alternative from the contract allegations. Thus, the facts alleged in the Complaint herein is quite unlike the scenario of *Diversified Carting, Inc. v. City of New York*, 423 F.Supp.2d 85 (S.D.N.Y. 2005) cited by Plaintiff in its opposition (Pl. Mem. at 2). In *Diversified Carting, Id*. at 88, 97, there was an open issue as to whether an express agreement did in fact exist. That is a critical distinction studiously avoided in the opposition papers, but very critical to the reasoning relevant to the matter in question. Here, the Complaint alleges that the 2000 Agreement existed and continued after it expired on December 31, 2001. *See* Exhibit "A" at ¶¶10-11.[1] Further, the Complaint pled only in terms of an agreement between these parties. In that regard the Complaint alleged that in the 2000 Agreement, Allen agreed to provide services to Kennedy and that Kennedy agreed to compensate Allen by paying him 66.7 percent of the revenue from the projects after expenses. *See* Exhibit "A" at ¶9. The Complaint further expressly alleges that after the 2000 Agreement expired, Allen and Kennedy continued their business agreements allegedly under terms similar to those in the parties' original written contract until Allen's death on May 7, 2005. *See* Exhibit "A" at ¶¶10-11. A reading of the Complaint allegations leaves the reader with no doubt that Plaintiff is alleging the contract theory of law and no alternative allegations supporting alternative relief, making the *quantum meruit* plea a conclusory gesture for equitable relief without any fact supporting this claim as an alternative relief. This truism is disregarded by Plaintiff in its attempt to champion a conclusory pleading as sufficient without allegations

---

[1] References to "Exhibit A" is to the exhibit annexed to the Declaration of Deanna R. Waldron, dated January 2, 2008, submitted with the moving papers.

3

to support an alternative equitable theory of the case. In this regard, in its opposition to the motion, Plaintiff's only readily apparent contention is that it is allowed to plead breach of contract and *quantum meruit* in the alternative.[2] At this point, one must logically ask oneself whether the Plaintiff had enough to pled in the alternative to support equitable relief and that is why Plaintiff did not take the opportunity to amend the pleading to bring it up to standard. Plaintiff does not address the point made by Kennedy that the Complaint alleges the existence of a valid contract that governs the dispute between the parties and does not then plead alternative allegations to support *quantum meruit* relief.

Accordingly, Complaint Count II, seeking *quantum meruit* recovery should be dismissed.

---

[2] In fact, the Complaint is bereft of any allegation either that the breach of contract and *quantum meruit* claims are plead "in the alternative", or that "if no valid contract exists" between the parties, as was present in *Diversified Carting*, 423 F.Supp.2d at 97. See Exhibit "A."

## **CONCLUSION**

For the reasons set forth above and in the moving papers previously filed, we respectfully request that Complaint Count II be dismissed together with the already consented to dismissal of Complaint Count III, and for such other and further relief as is just and proper.

Dated: January 14, 2008
      New York, New York

                                  Respectfully submitted,
                                  McLAUGHLIN & STERN, LLP

                                  By: s/Paul H. Silverman
                                  Paul H. Silverman (PS 0583)
                                  Deanna R. Waldron (DW 2611)
                                  260 Madison Avenue
                                  New York, New York 10016
                                  (212) 448-1100
                                  *Attorneys for Defendant*
                                  *Kennedy Information, Inc.*