Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100

*Attorneys for Defendant Kennedy Information, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                                    Docket No. 07 CIV 8431 (HB)(DFE)

                  Plaintiff,

   -against-

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

                  Defendants.
-------------------------------------------------------------X

Defendant Kennedy Information, Inc.'s Memorandum of Law
In Opposition to
Plaintiff's Motion to Dismiss the First and Second Counterclaims

McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for Defendant*
*Kennedy Information, Inc.*

## PRELIMINARY STATEMENT

Kennedy Information, Inc. ("Kennedy") herein sets forth its opposition to Plaintiff's, Alexandra Allen, as Administrator of the Estate of William Allen ("Plaintiff"), motion to dismiss the First and Second Counterclaim of Kennedy.  In an effort to move the case along, Kennedy filed an Answer, Defense and Amended Counterclaims, dated January 18, 2008 ("Counterclaims") to more specifically set forth the terms of the contracts between Kennedy and William Allen ("Allen").  The Counterclaims, both before and after its amendment, sufficiently establish claims for relief based on breach of contract and meet the plausibility standards under Fed.R.Civ.P. 8(a)(2) and 12(b)(6) set forth in *Bell Altantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  Accordingly, we request that the Court deny Plaintiff's motion to dismiss.

## SUMMARY OF INVOLVED PLEADING

A summary of the involved pleading for purposes of this memorandum is as follows: Allen performed independent contractor work for Kennedy. See Exhibit "1" at ¶35[1]. A written agreement ("2000-01 Agreement") dated January 26, 2000 was entered by and between Allen and Kennedy Information LLC, predecessor to newly formed and unrelated Kennedy (named defendant herein), and expired by its terms on December 31, 2001. *Id.* at ¶32. Between January 1, 2002, and May 7, 2005, Kennedy and William Allen agreed, on a project by project basis, for Allen to perform market consulting services on Kennedy's behalf, to Kennedy's clients, and for Allen to keep and maintain project collected data, communications and deliverables. *Id.* at ¶33. Also, as part of Allen's agreement, he was to maintain and to deliver evidence to support his

---

[1] References to Exhibit "1" are to the exhibit annexed to the Declaration of Deanna R. Waldron, dated January 18, 2008, submitted herewith.

financial project reporting to Kennedy. *Id.* at ¶ 33, 37. In consideration for Allen's efforts, Kennedy agreed to and did pay Allen on the basis of the cash received from each such project and the information Allen supplied. *Id.* at ¶34, 36, 37. Thus, as and when Kennedy received cash on a project involving Allen being actively responsible for completion of that project, Kennedy paid commissions to acquire the client project, and then accounted for 1/3rd of that cash as paid to Kennedy, and paid to Allen the 2/3rds cash balance net of payments that Allen directed Kennedy to make on his behalf and net of monthly draws. *Id.* at ¶ 36. Parallel thereto, as and when requested by Allen, Kennedy advanced cash to Allen against anticipated project cash receipts. *Id.* at ¶36.

At the time of his death, there were no disputes that Allen had raised and were pending regarding monies due and owing him by Kennedy. *Id.* at ¶38. After his death, Plaintiff frustrated project(s) completion and financial reconciliation and failed to act in good faith, by failing to make requested delivery of Kennedy's operational and financial documents of completed and non-completed project(s) maintained by Allen as part of their agreement, such as project by project customer contracts, invoices and correspondence prepared by Allen, deliverables and the data upon which the deliverables were based, all owned by Kennedy, all of which continues to be withheld by Plaintiff. *Id.* at ¶ 39, 40. As a result of the aforesaid, the Administrator or Allen caused Kennedy to incur damages. *Id.* at ¶ 41.

Given the above summary recitation alone, the pending motion to dismiss is without credible support based on relevant law cited, by now, by both parties and should be voluntarily withdrawn.

**ARGUMENT**

Kennedy's First and Second Counterclaims survive dismissal under Rule 12(b)(6), as there cannot now be an assertion worthy of consideration as to whether Kennedy has plead "enough facts to state claim to relief that is plausible on its face." *Bell Altantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In the spirit of moving things along, Kennedy has much more than satisfied the "flexible plausibility standard which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). The Counterclaims notice Plaintiff well beyond "fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 127 S.Ct. at 1965.

Plaintiff contends that Kennedy failed to state claims based on breach of contract as the allegations in the initial Counterclaim were too indefinite to support a contract claim. While it is Kennedy's position that the initial Counterclaims were well within the *Twombly* standards, sufficient to place Plaintiff on notice of the claim and the relief sought, in an effort not to prolong this matter, Kennedy amended the Counterclaims to provide Plaintiff with an even more precise claim for relief.[2]

To state a claim in federal court for breach of contract under New York law, a complaint need allege as to the involved contract defendant (1) the existence of an agreement between the

---

[2] In the initial Counterclaims, all of the elements of the contracts between Allen and Kennedy could be found by incorporating the earlier paragraphs into Kennedy's statement of its cause of action. See *Pits, Ltd. v. American Express Bank Int'l*, 911 F.Supp. 710, 719 (S.D.N.Y. 1996). Further, even where breach of contract allegations are not artfully stated, motion to dismiss was denied where the allegations meet the requirements of FRCP 8(a). *Bonacci v. Lone Star Int'l Energy, Inc.*, 1999 WL 76942, *4 (S.D.N.Y. Feb. 16, 1999)(HB). As an aside, Kennedy's amended pleading is in stark contrast to the Plaintiff's paucity pleading against co-defendant BNA, which does not allege the

plaintiff and that contract defendant (not just one of the named defendants), (2) adequate

performance of the contract, (3) breach of the contract, and (4) damages. *Harsco Corp. v. Segui*,

91 F.3d 337, 348 (2d Cir. 1996) and see, *Coddington v. Adelphi University*, 45 F.Supp.2d 211,

218 (E.D.N.Y. 1999).  As the Kennedy pleadings does so allege, it complies with the

requirement that the pleading put the opposition party on fair notice of the grounds for which it

seeks relief. FRCP 8(a)(2); *see Twombly*, 127 S.Ct. at 1965. Thus, in a case where the plaintiff

failed to "allege anything about duration of the contract, agreed upon compensation, specific

duties," the Court found that the allegation of the existence of a promise was enough to show the

existence of a contract.  *Dujardin v. Liberty Media Corp.*, 359 F.Supp.2d 337, 357, n.8 (S.D.N.Y.

2005).

    Similarly, the Court should not dismiss the Counterclaims where the allegations more

than adequately place Plaintiff on fair notice.  It cannot be argued that Plaintiff is unaware of

who the parties are to the agreements, or the terms thereof.  The Counterclaims clearly state that

Allen, on Kennedy's behalf, would perform consulting services to Kennedy's clients.  Exhibit

"1" at ¶ 33.  The Counterclaims alleges further terms of the agreements, including Allen's

obligation to deliver reliable financial project information and to maintain financial records, as

well as Kennedy's obligations to pay, the basis, the manner and the method of those payments.

*Id. at* ¶ 34, 36, 37. Moreover, it is stated that Kennedy fully performed under the agreements. *Id.

at* ¶46. Plaintiff has also been placed on notice with regard to her own alleged breach. *Id.*  at

¶39, 40, and the damages that Kennedy suffered. *Id.*  at ¶41. The amount of damages must await

---

essential contracts terms between those parties, and as to which Plaintiff, chose not to amend its pleading to give fair
notice.

pre-trial discovery.    Accordingly, dismissal is not warranted in this situation since Plaintiff is not burdened by any lack of specificity in the Counterclaims.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Plaintiff's motion for dismissal of the First and Second Counterclaims be denied.

Dated: January 18, 2008
       New York, New York

Respectfully submitted,
McLAUGHLIN & STERN, LLP

By:
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for Defendant*
*Kennedy Information, Inc.*