McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
PAUL H. SILVERMAN (PS 0583)
DEANNA R. WALDRON (DW 2611)

*Attorneys for Defendant Kennedy Information, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                    Plaintiff and,
                    Counterclaim Defendant,
  -against-

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

                    Counterclaim Plaintiff
                    And Defendants .
------------------------------------------------------------X

07 CIV 8431 (HB)(DFE)

**ANSWER, DEFENSES AND COUNTERCLAIMS OF DEFENDANT KENNEDY INFORMATION, INC.**

Electronically Filed

        Defendant Kennedy Information, Inc. ("Kennedy"), by McLaughlin & Stern, LLP, its undersigned attorneys, as and for its answer to the Complaint:

1.     Denies the averments set forth in paragraph "1" of the Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph "2" of the Complaint and decline to respond to legal conclusions for which no answer is required.

3.     Denies the allegations set forth in paragraph "3" of the Complaint and decline to respond to legal conclusions for which no answer is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph "4" of the Complaint except, upon information and belief to admit that Alexandra Allen is a citizen of the State of New York and that Alexandra Allen was appointed as an Administrator of the Allen Estate and decline to respond to legal conclusions for which no answer is required.

5. Admits the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that defendant BNA is a Delaware corporation.

7. Denies the averments set forth in paragraphs "7", "8" and "9" of the Complaint except to admit and to refer for its terms and conditions to the written agreement ("2000-01 Agreement") dated January 26, 2000 by and between Beaufort Allen & Associates and Kennedy Information LLC, which agreement was assigned to Kennedy Information, Inc., and which agreement, by its terms, terminated on December 31, 2001.

8. Denies the averments and allegations set forth in paragraphs "10", "11" and "12" of the Complaint except to admit that the 2000-01 Agreement expired and terminated by its terms on December 31, 2001 and that thereafter, on a project by project basis and from time to time, William Allen obligated himself to perform, to account for and to complete certain projects for Kennedy.

9. Denies the allegations in paragraph "13" and repeats and realleges paragraphs "1" through "8" herein as if and with the same effect as if set forth in full herein.

10. Denies the allegations set forth in paragraph "14" of the Complaint except admit that the 2000-01 Agreement terminated on December 31, 2001, and that thereafter, upon

information and belief, William Allen from time to time performed services on certain projects for Kennedy until a date on or prior to May 7, 2005.

11. Denies the allegations set forth in paragraphs "15","16", "17"of the Complaint.

12. Denies the allegations set forth in paragraph "18" and repeats and realleges paragraphs "1" through "11" herein as if and with the same effect as if set forth in full herein.

13. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph "19" of the Complaint except admit that after the 2000-01 Agreement terminated and thereafter from time to time William Allen stated he performed certain services for certain customers of Kennedy and that he prepared and retained supporting documentation and accounting records and based on William Allen's statements of project operations and finances he was paid by Kennedy.

14. Denies the allegations set forth in paragraph "20", "21", and "22" of the Complaint and further states that William Allen was paid on the basis of cash received by Kennedy from customers and not on revenue statements which were provided by William Allen.

15. Denies the allegations set forth in paragraph "23" and repeats and realleges paragraphs "1" through "14" herein as if and with the same effect as if set forth in full herein.

16. Denies the allegations set forth in paragraph "24" of the Complaint except admit that, a material part of his project by project obligations, William Allen was obligated to maintain all documents and books and records for each project for which he claimed moneys due and Kennedy kept a record of moneys received from Kennedy's customers who William Allen claimed to have performed work under the Kennedy name.

17. Denies the allegations set forth in paragraphs "25", "26" and "27" of the Complaint.

18. Denies the plaintiff is entitled to any relief sought in the Complaint.

## AS AND FOR A FIRST SEPARATE DEFENSE

19. The cause of action seeking an accounting must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.

## AS AND FOR A SECOND SEPARATE DEFENSE

20. The cause of action seeking *quantum meruit* must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.

## AS AND FOR A THIRD SEPARATE DEFENSE

21. The Complaint must be dismissed based on accord and satisfaction as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

## AS AND FOR A FOURTH SEPARATE DEFENSE

22. The Complaint must be dismissed based on estoppel as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

## AS AND FOR A FIFTH SEPARATE DEFENSE

23. The Complaint must be dismissed based on payment as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

## AS AND FOR A SIXTH SEPARATE DEFENSE

24. The Complaint must be dismissed based on statute of limitations as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

## AS AND FOR A SEVENTH SEPARATE DEFENSE

25. The Complaint must be dismissed based on laches as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

### AS AND FOR A EIGHTH SEPARATE DEFENSE

26. The Complaint must be dismissed based on statute of frauds as to claim(s) made regarding the project(s) based on oral agreement(s) for services to be rendered over a period of more than one year.

### AS AND FOR A NINTH SEPARATE DEFENSE

27. The Complaint seeking the equitable relief of *quantum meruit* must be dismissed based on the doctrine of unclean hands. The Administrator without lawful basis withholds property of Kennedy and withholds the documents and records that would enable an accurate reconciliation of amounts, if any, due to Administrator to be proven thereby frustrating any good faith effort and thereby attempting to compel an arbitrary payment to Administrator for Kennedy to obtain return of Kennedy's property.

### COUNTERCLAIMS

Counterclaim-Plaintiff Kennedy Information, Inc. ("Kennedy") for its counterclaim against Counterclaim-Defendant Alexandra Allen, as Administrator of the Estate of William Allen ("Administrator").

### JURISDICTION AND VENUE

28. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332(a), there being a diversity of citizenship between the parties and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

29. Pursuant to 28 U.S.C. 1391(b), venue is proper in the Southern District of New York in

that the Administrator resides in the Southern District of New York.

## PARTIES

30. Kennedy is a Delaware Corporation and has its principal place of business in the State of New Hampshire.

31. Upon information and belief, Alexandria Allen is a citizen of the State of New York.

## FACTS COMMON TO EACH OF THE BELOW COUNTERCLAIMS

32. A written agreement ("2000-01 Agreement") dated January 26, 2000 was entered by and between Beaufort Allen & Associates and Kennedy Information LLC. The 2000-01 Agreement was assigned to Kennedy, and terminated on December 31, 2001.

33. After the 2000-01 Agreement expired by its own terms on December 31, 2001 and prior to May 7, 2005, from time to time and on a project by project basis for Kennedy, William Allen was believed to have performed consulting services, including keeping project documentation and records and delivering to Kennedy project financial and operational reports that could be supported by William Allen.

34. William Allen and/or, after May 7, 2005, Administrator, materially failed to perform and to complete performance, and then frustrated project(s) completion and failed to act in good faith, amongst other acts and omissions, by failing to satisfactorily and to timely perform and to properly, satisfactorily and timely complete and make delivery of project records and financial and operational reports, including but not limited to failure to keep, maintain, and to produce operational and financial documents of completed and non-completed project(s), such as project by project customer contracts, invoices and correspondence, proof of payment to third party contractors, customer invoices, books

of accounts, and not turning over such property of Kennedy, all of which continues to be withheld by the Administrator, the effect of which delayed and frustrated job completion, and financial reconciliation.

35. Upon information and belief, the Administrator, withheld and continues to withhold turnover of project operation and finance data and documents, and for which projects it is believed William Allen had prepared customer contracts, issued invoices, correspondence, internal project and financial schedules, as well as to withhold the basis upon which revenue statements were made by William Allen to Kennedy.

36. The Administrator has failed to set forth a basis for an amount claimed due the estate, failed to provide supporting records for amounts claimed due, and failed to return property of Kennedy believed to be and to have been in the possession or control of the Administrator and withheld from the rightful owner without legal right and after demand for their return was made.

37. Kennedy and William Allen were not fiduciaries of one another. William Allen had responsibility for operational and financial reporting on each project for which he was obligated to keep records as well as keeping a copy of each project product.

38. After May 7, 2005, the Administrator requested and Kennedy provided schedules containing information delivered by William Allen based on records believed kept by William Allen except for cash received by Kennedy for which Allen claimed to have provided services under the Kennedy name. Further, the Administrator has yet to set forth a schedule or to delivery documents supporting any claim for moneys due.

## AS AND FOR A FIRST COUNTERCLAIM

39. Kennedy repeats and realleges the averments contained in paragraphs "1" through "38" herein as if and with the same effect as if set forth in full herein thereafter.

40. Prior to May, 2005, William Allen obligated himself with respect to one or more specific projects for Kennedy to perform timely and to complete properly.

41. Prior to May, 2005, William Allen obligated himself with respect to one or more specific projects for Kennedy to maintain for the benefit of Kennedy original documents as well as to prepare and to retain books and records both financial and operational in regard thereto.

42. Upon information and belief, William Allen and/or the Administrator failed to perform properly and fully and/or failed to complete one or more specific projects.

43. Upon information and belief, prior to and after May, 2005 William Allen and/or the Administrator failed to prepare and/or to retain original documents as well as to prepare and to retain books and records both financial and operational in regard thereto.

44. After May, 2005 the Administrator, even after request was made, failed and refused to turn-over original documents as well as books and records both financial and operational in regard to and as part of projects undertaken by William Allen to Kennedy.

45. As a result of the foregoing, William Allen and/or the Administrator breached one or more project agreements.

46. As a direct and proximate result of the aforementioned material breaches of the various project agreements, Kennedy suffered injury for which a money judgment should be granted, in an amount to be set by the court on the evidence presented, in favor of

Kennedy and against the Administrator.

## AS AND FOR A SECOND COUNTERCLAIM

47. Kennedy repeats and realleges paragraphs "1" through "38" and "40" through "46" herein as if and with the same effect as if set forth in full herein.

48. At a time after May, 2005 and through the present date, although assistance to mitigate damages was sought, the Administrator failed and refused to act in good faith, failed to return or turn-over documents, books and records requisite to timely and proper performance completion of projects to which William Allen had obligated himself.

49. As a result of the foregoing, William Allen and/or the Administrator breached one or more project agreements.

50. As a direct and proximate result of the aforementioned material breaches of the various project agreements Kennedy suffered injury for which a money judgment should be granted, in an amount to be set by the court on the evidence presented, in favor of Kennedy and against the Administrator.

## AS AND FOR A THIRD COUNTERCLAIM

51. Kennedy repeats and realleges paragraphs "1" through "38", "40" through "46" and "48" through "50" herein as if and with the same effect as if set forth in full herein.

52. During the course of and as part of his performance on certain projects, William Allen prepared and/or came in possession of property, including original project financial and operational data as well as books and records and intellectual property, owned by Kennedy ("Kennedy Property").

53. After May, 2005 the Administrator had no lawful reason to continue to retain possession

and/or control of the Kennedy Property.

54. After May, 2005 and continuing thereafter to the present date, Kennedy requested the return and/or turnover of the Kennedy Property.

55. Although demands were made, the Administrator failed and willfully refused to return the Kennedy Property.

56. The Administrator continues, to date, to withhold this afore-referenced property from Kennedy.

57. The Administrator's withholding of the Kennedy Property from Kennedy, caused Kennedy to expend otherwise needless in-house personnel time, effort and out of pocket expense, as well as to cause loss of good will with customers, and to deny Kennedy the ability to effectively compel full payment from certain customers and to lose anticipated profit on certain projects.

58. As a direct and proximate result of the aforementioned tort acts and/or omissions of the Administrator as to the various project agreements Kennedy suffered injury for which a money judgment should be granted, in an amount to be set by the court on the evidence presented, in favor of Kennedy and against the Administrator, and a direction that the Kennedy Property be returned or turned over at this time.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaim-Plaintiff, Kennedy Information, Inc. demands (i) as to the Complaint, judgment against the plaintiff dismissing the within action with prejudice, and (ii) as to the Counterclaim, (a) a money judgment in an amount to be determined by this court, plus interest, due for the breach of contract and for the tortious conduct of the

Administrator, (b) an Order directing the return and turn over of the Kennedy Property and (c) together with such other and further relief that this Court deems just and proper.

Dated: November 21, 2007
     New York, New York

                                 **Kennedy Information, Inc.,**
                                 *Defendant and Counterclaim Plaintiff*
                                 by its Attorneys,
                                 McLAUGHLIN & STERN, LLP

                                 By: _____
                                 Paul H. Silverman (PS 0583)
                                 Deanna R. Waldron (DW2611)
                                 260 Madison Avenue
                                 New York, New York 10016
                                 (212) 448-1100