McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
PAUL H. SILVERMAN (PS 0583)
DEANNA R. WALDRON (DW 2611)

*Attorneys for Defendant Kennedy Information, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                    Plaintiff and,
                    Counterclaim Defendant,

-against-

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

                    Counterclaim Plaintiff
                    And Defendants .
-----------------------------------------------------------X

07 CIV 8431 (HB)(DFE)

**ANSWER, DEFENSES AND AMENDED COUNTERCLAIMS OF DEFENDANT KENNEDY INFORMATION, INC.**

Electronically Filed

      Defendant Kennedy Information, Inc. ("Kennedy"), by McLaughlin & Stern, LLP, its undersigned attorneys, as and for its answer to the Complaint:

1.     Denies the averments set forth in paragraph "1" of the Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph "2" of the Complaint and decline to respond to legal conclusions for which no answer is required.

3.     Denies the allegations set forth in paragraph "3" of the Complaint and decline to respond to legal conclusions for which no answer is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph "4" of the Complaint except, upon information and belief to admit that Alexandra Allen is a citizen of the State of New York and that Alexandra Allen was appointed as an Administrator of the Allen Estate and decline to respond to legal conclusions for which no answer is required.

5. Admits the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that defendant BNA is a Delaware corporation.

7. Denies the averments set forth in paragraphs "7", "8" and "9" of the Complaint except to admit and to refer for its terms and conditions to the written agreement ("2000-01 Agreement") dated January 26, 2000 by and between Beaufort Allen & Associates and Kennedy Information LLC, which agreement was assigned to Kennedy Information, Inc., and which agreement, by its terms, terminated on December 31, 2001.

8. Denies the averments and allegations set forth in paragraphs "10", "11" and "12" of the Complaint except to admit that the 2000-01 Agreement expired and terminated by its terms on December 31, 2001 and that thereafter, on a project by project basis and from time to time, William Allen obligated himself to perform, to account for and to complete certain projects for Kennedy.

9. Denies the allegations in paragraph "13" and repeats and realleges paragraphs "1" through "8" herein as if and with the same effect as if set forth in full herein.

10. Denies the allegations set forth in paragraph "14" of the Complaint except admit that the 2000-01 Agreement terminated on December 31, 2001, and that thereafter, upon

information and belief, Allen from time to time performed services on certain projects for Kennedy until a date on or prior to May 7, 2005.

11. Denies the allegations set forth in paragraphs "15","16", "17"of the Complaint.

12. Denies the allegations set forth in paragraph "18" and repeats and realleges paragraphs "1" through "11" herein as if and with the same effect as if set forth in full herein.

13. Denies knowledge or information sufficient to respond to the allegations set forth in paragraph "19" of the Complaint except admit that after the 2000-01 Agreement terminated and thereafter from time to time Allen stated he performed certain services for certain customers of Kennedy and that he prepared and retained supporting documentation and accounting records and based on Allen's statements of project operations and finances he was paid by Kennedy.

14. Denies the allegations set forth in paragraph "20", "21", and "22" of the Complaint and further states that Allen was paid on the basis of cash received by Kennedy from customers and not on revenue statements which were provided by Allen.

15. Denies the allegations set forth in paragraph "23" and repeats and realleges paragraphs "1" through "14" herein as if and with the same effect as if set forth in full herein.

16. Denies the allegations set forth in paragraph "24" of the Complaint except admit that, a material part of Allen's project by project obligations under the agreements, was to maintain all documents and books and records for each project for which he claimed moneys due and Kennedy kept a record of moneys received from Kennedy's customers who Allen claimed to have performed work under the Kennedy name.

17. Denies the allegations set forth in paragraphs "25", "26" and "27" of the Complaint.

18. Denies the plaintiff is entitled to any relief sought in the Complaint.

### AS AND FOR A FIRST SEPARATE DEFENSE

19. The cause of action seeking an accounting must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.

### AS AND FOR A SECOND SEPARATE DEFENSE

20. The cause of action seeking *quantum meruit* must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.

### AS AND FOR A THIRD SEPARATE DEFENSE

21. The Complaint must be dismissed based on accord and satisfaction as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

### AS AND FOR A FOURTH SEPARATE DEFENSE

22. The Complaint must be dismissed based on estoppel as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

### AS AND FOR A FIFTH SEPARATE DEFENSE

23. The Complaint must be dismissed based on payment as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

### AS AND FOR A SIXTH SEPARATE DEFENSE

24. The Complaint must be dismissed based on statute of limitations as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

### AS AND FOR A SEVENTH SEPARATE DEFENSE

25. The Complaint must be dismissed based on laches as to claim(s) made regarding the 2000-01 Agreement and regarding certain of the project(s) thereafter.

### AS AND FOR A EIGHTH SEPARATE DEFENSE

26. The Complaint must be dismissed based on statute of frauds as to claim(s) made regarding the project(s) based on oral agreement(s) for services to be rendered over a period of more than one year.

### AS AND FOR A NINTH SEPARATE DEFENSE

27. The Complaint seeking the equitable relief of *quantum meruit* must be dismissed based on the doctrine of unclean hands. The Administrator without lawful basis withholds property of Kennedy and withholds the documents and records that would enable an accurate reconciliation of amounts, if any, due to Administrator to be proven thereby frustrating any good faith effort and thereby attempting to compel an arbitrary payment to Administrator for Kennedy to obtain return of Kennedy's property.

### AMENDED COUNTERCLAIMS

Counterclaim-Plaintiff Kennedy Information, Inc. ("Kennedy") for its amended counterclaim against Counterclaim-Defendant Alexandra Allen, as Administrator of the Estate of William Allen ("Administrator").

### JURISDICTION AND VENUE

28. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332(a), there being a diversity of citizenship between the parties and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

29. Pursuant to 28 U.S.C. 1391(b), venue is proper in the Southern District of New York in

that the Administrator resides in the Southern District of New York.

## PARTIES

30. Kennedy is a Delaware Corporation and has its principal place of business in the State of New Hampshire.

31. Upon information and belief, Alexandra Allen is a citizen of the State of New York.

## FACTS COMMON TO EACH OF THE BELOW COUNTERCLAIMS

32. A written agreement ("2000-01 Agreement") dated January 26, 2000 was entered by and between Allen and Kennedy Information LLC, predecessor to newly formed and unrelated Kennedy (named defendant and counterclaim plaintiff herein), and expired by its terms on December 31, 2001.

33. Between January 1, 2002 and May 7, 2005, Kennedy and Allen met and agreed, on a project by project basis, for Allen to perform market consulting services on Kennedy's behalf, to Kennedy's clients, for Allen to deliver financial project information, and for Allen to prepare and to maintain project collected data, communications and deliverables, as further described below.

34. In consideration for Allen's efforts, Kennedy agreed to and did pay Allen on the basis of the cash received from each such project and the information Allen supplied.

35. At any time during this period of time, Kennedy and Allen were each free not to work on the next project with each other. It was a relationship of independent contractor. In this regard, based upon Allen's agreements to strict confidentiality, non-compete, and to Kennedy's retention of all ownership and use rights for purposes of each project, Kennedy allowed Allen access to Kennedy clients and use of Kennedy proprietary

information and brand, the data gathered and the product delivered to clients.

36. Thus, as and when Kennedy received cash on a project involving Allen being actively responsible for completion of that project, Kennedy paid commissions to acquire the client project, and then accounted for 1/3rd of that cash as paid to Kennedy, and then paid to Allen the 2/3rds net cash balance, net of payments that Allen directed Kennedy to make on Allen's behalf and net of monthly draws. Parallel thereto, as and when requested by Allen, Kennedy advanced cash to Allen against anticipated project cash receipts.

37. As part of the payment process, Allen reported on each project: i. the total amount Allen projected would be earned on each project; ii. the per cent of total projected earnings then earned on each project. As and when received, Kennedy would accept (without confirming) Allen's reported information and together with its own information of project cash received and expended, Kennedy would make payments to Allen. In this respect, Kennedy, located in New Hampshire, relied upon Allen, located in the City of New York, as to project information, and Allen relied upon Kennedy, as to project cash information.

38. At the time of his death, there was no apparent pending dispute of money due and owing by Kennedy to Allen.

39. After Allen's death, the Administrator frustrated project(s) completion and financial reconciliation and failed to act in good faith, by failing to make requested delivery of Kennedy's operational and financial documents of completed and non-completed project(s) maintained by Allen as part of their agreement, such as project by project customer contracts, invoices and correspondence prepared by Allen, deliverables and the

data upon which the deliverables were based, all owned by Kennedy, all of which continues to be withheld by the Administrator.

40. In the alternative, if the reason the Administrator did not effect turnover of records, data, and other information and documents is due to the fact that Allen failed to maintain these items as he was obligated to do then Allen failed to perform material obligations under the involved agreements by failing to prepare and/or to maintain project records, financial and operational reports, proprietary data, and Kennedy's client information.

41. As a result of the aforesaid, the Administrator or Allen caused Kennedy to incur damages including: (i) loss of control of Kennedy proprietary assets, (ii) frustration and delay of certain project completions, (iii) inability to timely enforce customer contract payments and (iv) impaired client relationships, and (v) frustrated, and delayed its ability to counter Administrator's unsupported claims of further unspecified moneys due to Allen's Estate.

42. The Administrator failed to set forth a basis for an amount claimed due the estate, failed to provide supporting records for amounts claimed due, failed to return property of Kennedy believed to be and to have been in the possession or control of the Administrator, and withheld from the rightful owner without legal right and after demand for their return was made.

43. Although requested, the Administrator has yet to deliver a list of disputed amounts due or documents, nor to identify any data supporting disputed claim for moneys due.

44. Allen had responsibility for operational and financial reporting on each project for which he was obligated to keep records as well as keeping a copy of each project product.

45. After May 7, 2005 and prior to the commencement of the above-captioned action, Kennedy provided for settlement purpose only, schedules containing information delivered by Allen based on records believed kept by Allen except for cash received by Kennedy for which Allen claimed to have provided services under the Kennedy name. Notwithstanding, the Administrator has yet to set forth a schedule of claims detailing moneys due.

46. Kennedy performed all of its obligations under the agreements with Allen.

## AS AND FOR A FIRST COUNTERCLAIM

47. Kennedy repeats and realleges the averments contained in paragraphs "1" through "46" herein as if and with the same effect as if set forth in full herein thereafter.

48. Between January 1, 2002 and May 7, 2005, Kennedy and Allen met and agreed, on a project by project basis, for Allen to perform market consulting services on Kennedy's behalf, to Kennedy's clients, for Allen to deliver financial project information, and for Allen to prepare and to maintain project collected data, communications and deliverables. In consideration for Allen's efforts, Kennedy agreed to and did pay Allen on the basis of the cash received from each such project and the information Allen supplied.

49. During this time, Allen obligated himself with respect to one or more specific projects for Kennedy, to maintain for the benefit of Kennedy original documents as well as to prepare and to retain books and records both financial and operational in regard thereto.

50. Kennedy performed all of its obligations under the agreements with Allen.

51. Upon information and belief, Allen and/or the Administrator failed to perform properly

and fully and/or failed to complete one or more specific projects.

52. Upon information and belief, prior to and after May, 2005, Allen and/or the Administrator failed to perform material obligations under the involved agreements by failing to satisfactorily prepare and to maintain project records and financial and operational reports.

53. After May, 2005 the Administrator, even after request was made, failed and refused to turn-over original documents as well as books and records both financial and operational in regard to and as part of projects undertaken by Allen to Kennedy.

54. As a result of the foregoing, Allen and/or the Administrator breached one or more project agreements.

55. As a direct and proximate result of the aforementioned material breaches of the various project agreements, Kennedy suffered injury for which a money judgment, in an amount believed to be in excess of $75,000, should be granted in an amount to be set by the Court on the evidence presented, in favor of Kennedy and against the Administrator.

## AS AND FOR A SECOND COUNTERCLAIM

56. Kennedy repeats and realleges paragraphs "1" through "46" and "47" through "55" herein as if and with the same effect as if set forth in full herein.

57. At a time after May, 2005 and through the present date, although assistance to mitigate damages was sought, the Administrator failed and refused to act in good faith, failed to return or turn-over documents, books and records requisite to timely and proper performance completion of projects to which Allen and Kennedy had agreed Allen would perform.

Case 1:07-cv-08431-HB    Document 31-3    Filed 02/01/2008    Page 11 of 13

Case 1:07-cv-08431-HB    Document 26    Filed 01/18/2008    Page 11 of 13

58. As a result of the foregoing, Allen and/or the Administrator breached one or more project agreements.

59. As a direct and proximate result of the aforementioned material breaches of the various project agreements Kennedy suffered injury for which a money judgment, in an amount believed to be in excess of $75,000, should be granted, in an amount to be set by the Court on the evidence presented, in favor of Kennedy and against the Administrator.

## AS AND FOR A THIRD COUNTERCLAIM

60. Kennedy repeats and realleges paragraphs "1" through "46", "48" through "55" and "57" through "59" herein as if and with the same effect as if set forth in full herein.

61. During the course of and as part of his performance on certain projects, Allen prepared and/or came in possession of property, including original project financial and operational data as well as books and records and intellectual property, owned by Kennedy ("Kennedy Property").

62. The Administrator has no lawful reason to continue to retain possession and/or control of the Kennedy Property.

63. After May, 2005 and continuing thereafter to the present date, Kennedy requested the return and/or turnover of the Kennedy Property.

64. Although demands were made, the Administrator failed and willfully refused to return the Kennedy Property.

65. The Administrator continues, to date, to withhold this afore-referenced property from Kennedy.

66. The Administrator's withholding of the Kennedy Property from Kennedy, caused

Kennedy to expend otherwise needless in-house personnel time, effort and out of pocket expense, as well as to cause loss of good will with customers, and to deny Kennedy the ability to effectively compel full payment from certain customers and to lose anticipated profit on certain projects.

67. As a direct and proximate result of the aforementioned tort acts and/or omissions of the Administrator as to the various project agreements Kennedy suffered injury for which a money judgment should be granted, in an amount believed to be in excess of $75,000, to be set by the court on the evidence presented, in favor of Kennedy and against the Administrator, and a direction that the Kennedy Property be returned or turned over at this time.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim-Plaintiff, Kennedy Information, Inc. demands (i) as to the Complaint, judgment against the plaintiff dismissing the within action with prejudice, and (ii) as to the Counterclaim, (a) a money judgment in an amount believed to be in excess of $75,000 to be determined by this Court, plus interest, due for the breach of contract and for the tortious conduct of the Administrator, (b) an Order directing the return and turn over of the Kennedy Property and (c) together with such other and further relief that this Court deems just and proper.

Dated: January 18, 2008
       New York, New York

                                          Kennedy Information, Inc.,
                                          *Defendant and Counterclaim Plaintiff*
                                          by its Attorneys,
                                          McLAUGHLIN & STERN, LLP

By: /s/ Paul H. Silverman
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW2611)
260 Madison Avenue
New York, New York 10016
(212) 448-1100