T. Barry Kingham (TBK-1219)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administator*
*of the Estate of William Allen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALEXANDRA ALLEN, as                                         :
Administrator of the Estate of William Allen,               :
                                                            :
                    Plaintiff,                              :   Index No. 07 CIV 8431 (HB) (DFE)
                                                            :
        - against -                                         :
                                                            :
KENNEDY INFORMATION, INC. and                               :
THE BUREAU OF NATIONAL AFFAIRS, INC.                        :
                                                            :
                    Defendants.                             :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE AMENDED FIRST AND SECOND COUNTERCLAIMS OF DEFENDANT KENNEDY INFORMATION, INC.

Plaintiff Alexandra Allen, Administrator of the Estate of William Allen (the "Allen Estate") respectfully submits this memorandum in support of her motion, pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), to dismiss the Amended First and Second Counterclaims of defendant Kennedy Information, Inc. ("Kennedy").

## Preliminary Statement

Alexandra Allen seeks in action to recover in excess of $700,000 in unpaid fees due to the Allen Estate from defendants Kennedy and the Bureau of National Affairs, Inc. ("BNA") for services William Allen performed as a consultant prior to his untimely death on May 7, 2005. (Complaint, ¶ 1).[1] In its original Answer, filed with this Court on November 21, 2007, Kennedy asserted three Counterclaims against the Allen Estate. The First and Second Counterclaims purported to allege breach of contract; the Third Counterclaim alleged conversion. On December 19, 2007, Plaintiff filed a Motion to Dismiss the First and Second Counterclaims because they did not allege the existence of a valid contract. In response, Kennedy opted to replead the counterclaims and filed an Amended Answer with the Court on January 18, 2008. Plaintiff now moves to dismiss the Amended First and Second Counterclaims and is filing a Reply to the Amended Third Counterclaim.

Kennedy's Amended First and Second Counterclaims should be dismissed because they *still* do not allege sufficiently the essential elements of a breach of contract claim. Instead, Kennedy refers only to a series of unidentified "project agreements" without alleging any facts to identify the terms or obligations arising from each of these alleged agreements. Furthermore, Kennedy does not allege enough facts to notify Plaintiff as to which provision, under which one or more "project agreements" was allegedly breached or how any breach occurred. In sum, Kennedy does not plead the existence of a valid contract or its material terms, and does not notify Plaintiff as to which provision, or even which agreement was breached, and therefore cannot maintain a breach of contract claim.

---

[1] The Complaint is Exhibit A to the declaration of T. Barry Kingham submitted in support of this motion.

## The Amended First and Second Counterclaims

The Complaint in this action alleges that William Allen, through his sole proprietorship Beaufort Allen & Associates (collectively, "Allen"), entered into a written agreement with Kennedy Information, LLC ("KI"), the predecessor in interest of defendant Kennedy Information, Inc., on January 26, 2000, to perform consulting services as an independent contractor. (Complaint, ¶¶ 7-9).[2] The obligations of KI were subsequently assigned to and assumed by defendants BNA and Kennedy. (Complaint, ¶ 8). After the written agreement expired by its terms on December 31, 2001, the parties continued to perform pursuant to that agreement until Allen's death on May 7, 2005. (Complaint, ¶ 10).

In its Amended Answer, defendant Kennedy denies the allegation in paragraph 10 of the Complaint that the relationship between Allen and Kennedy continued on the same or similar terms in the three and a half years between expiration of the written agreement and Allen's death. (Amended Answer, ¶ 8, ¶ 33). Instead, Kennedy alleges:

> 33. Between January 1, 2002 and May 7, 2005, Kennedy and Allen *met and agreed, on a project by project basis*, for Allen to perform market consulting services on Kennedy's behalf, to Kennedy's clients, for Allen to deliver financial project information, and for Allen to prepare and to maintain project collected data, communications, and deliverables, as further described below. [emphasis added]

The Amended First Counterclaim asserts:

> 48. Between January 1, 2002 and May 7, 2005, Kennedy and Allen *met and agreed, on a project by project basis*, for Allen to perform market consulting services on Kennedy's behalf, to Kennedy's clients, for Allen to deliver financial project information, and for Allen to prepare and to maintain project collected data, communications, and deliverables, as further described below. [emphasis added]

---

("Kingham Decl."). Kennedy's Answer and Amended Counterclaims is Exhibit B.
[2]   Defendant BNA has submitted a motion to dismiss the Complaint in lieu of an Answer.

3

> 49. During this time, Allen *obligated himself* with respect to one or more specific projects for Kennedy, to maintain for the benefit of Kennedy original documents as well as to prepare and to retain books and records both financial and operational in regard thereto. [emphasis added]
>
> 51. Upon information and belief, Allen and/or the Administrator failed to perform properly and fully and/or failed to complete one or more specific projects.
>
> 52. Upon information and belief, prior to and after May, 2005 Allen and/or the Administrator failed to perform material obligations *under the involved agreements* by failing to satisfactorily prepare and to maintain project records and financial and operational reports. [emphasis added]
>
> 44. After May, 2005 the Administrator, even after request was made, failed and refused to turn-over original documents as well as books and records both financial and operational in regard to and as part of projects undertaken by William Allen to Kennedy.
>
> 45. As a result of the foregoing, William Allen and/or the Administrator breached one or more project agreements.

The Amended Second Counterclaim alleges:

> 47. At a time after May, 2005 and through the present date, although assistance to mitigate damages was sought, the Administrator failed and refused to act in good faith, failed to return or turn-over documents, books and records requisite to timely and proper performance completion of projects to which Allen and Kennedy had agreed Allen would perform.
>
> 48. As a result of the foregoing, William Allen and/or the Administrator breached one or more project agreements.

## **Argument**

Kennedy's Amended First and Second Counterclaims, purporting to assert claims for breach of contract, should be dismissed because they do not allege the existence of a valid contract. (Amended Answer, ¶ 33). The elements of breach of contract under New York law are: "(1) a valid contract; (2) plaintiff's performance; (3) defendant's failure to perform; and (4) damages resulting from the breach." *Jernow v. Wendy's Int'l, Inc.*, 2007 U.S. Dist. LEXIS

4

85104, at *10-11 (S.D.N.Y. Nov. 15, 2007) (quoting *Macaluso v. U.S. Life Ins. Co.*, 2004 U.S. Dist. LEXIS 12454, at *8-9 (S.D.N.Y. July 2, 2004)). The dispositive issue in a breach of contract claim is whether a legally binding contract exists. *See In re Cairns & Associates, Inc.*, 372 B.R. 637, 651 (Bankr. S.D.N.Y. 2007).

The state a claim for breach of contract, a complaint must allege the existence of a valid contract. *Serendip LLC v. Franchise Pictures LLC*, 2000 U.S. Dist. LEXIS 12946, at *18-19 (S.D.N.Y. Sept. 7, 2000) (Baer, J.); *Bonacci v. Lone Star Int'l Energy, Inc.*, 1999 U.S. Dist. LEXIS 1564, at *14 (S.D.N.Y. Feb. 16, 1999) (Baer, J.) ("To properly plead breach of contract, a plaintiff must allege 'the terms of the contract, each element of the alleged breach, and the resultant damage to the plaintiff.'") (quoting *Pits, Ltd. v. Amer. Express Bank Int'l*, 911 F. Supp. 710, 719 (S.D.N.Y. 1996)); *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 286 (S.D.N.Y. 1991) (holding that a pleading must "at a minimum, allege the terms of a contract"). Although a claimant need not "attach a copy of the contract or [] plead its terms verbatim, a complaint in a breach of contract action must nevertheless set forth the terms of the agreement upon which liability is predicated." *Ross v. FSG Privatair Inc.*, 2004 U.S. Dist. LEXIS 16157, at *11 (S.D.N.Y. Aug. 17, 2004) (internal citations omitted). Kennedy's First and Second Counterclaims do not allege existence of a legal contract, much less any of its terms upon which liability could be predicated for breach of contract.

Furthermore, to state a viable claim for breach of contract, a complaint must identify the provisions of the agreement that were allegedly breached, in order to put the defendant on notice as to the claims against him:

> In pleading these elements a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue. The principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable that party to answer and

5

> prepare for trial. Although the pleading requirements are construed liberally, liberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief can be accorded the pleader.

*Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (internal citations omitted).

In its Amended Answer, Kennedy admits the existence of a written agreement between Allen and Kennedy, which expired by its own terms on December 31, 2001. (Amended Answer, ¶ 32). Although the Complaint alleges a contractual relationship among the parties after the written agreement expired (Complaint, ¶ 10), Kennedy denies such a relationship (Amended Answer, ¶ 33) and alleges only that Kennedy and Allen met and agreed on a project-by-project basis for Allen to perform services on behalf of Kennedy and that Allen "obligated himself" to Kennedy after the written agreement expired. (Amended Answer, ¶¶ 33, 49). Thus, as to the period between expiration of the written agreement and Allen's death, Kennedy alleges not that the original agreement continued, but that a new relationship arose which resulted in a series of agreements, on a *project by project basis*. (Amended Answer, ¶ 33).

Kennedy does not specify which of these presumably oral agreements Allen breached, nor does Kennedy identify precisely what Allen was obligated to do, which he then failed to do. Kennedy alleges that Allen and/or Administrator, among other failures, "failed to perform properly and fully and/or failed to complete one or more specific projects," but Kennedy does not identify which agreement was actually breached. (Amended Answer, ¶ 51). Additionally, Kennedy alleges that "Allen and/or Administrator failed to perform material obligations under the involved agreements by failing to satisfactorily prepare and maintain project records and financial and operational reports," without identifying pursuant to which agreement these alleged responsibilities and obligations arose. (Amended Answer, ¶ 52).

6

While alleging the existence of multiple project-by-project agreements, Kennedy fails to allege how many agreements there were, when the agreements were entered into, what Allen's obligations were under each agreement, and which acts or omissions by Allen resulted in the breach. (Amended Answer, ¶ 33). Thus, Kennedy does not give Plaintiff fair notice as to the claims against her. *See Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d at 358 (dismissing breach of contract claim because complaint failed to provide defendant with notice of the contractual provision allegedly breached, or the nature of the breach).

Under Rule 8(1) of the Federal Rules of Civil Procedure, complaints need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) Fed. R. Civ. P. Thus, a complaint must "give a defendant fair notice of what the claim is and the grounds upon which it rests." *Textiles Network Ltd. v. DMC Enter., LLC*, 2007 U.S. Dist. LEXIS 64247, *5 (S.D.N.Y. Aug. 31, 2007) (quoting *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006)). "Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality." *Id.* at *5-6. However, for a complaint to survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Second Circuit has interpreted this "plausibility" language to mean that a court now must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegation in those contexts where such amplification is needed to render the claim plausible." *Ginsberg v. Gov't Prop. Trust, Inc.*, 2007 U.S. Dist. LEXIS 75771, at * 53 (Oct. 11, 2007) (quoting *Iqbar v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original)).

Accordingly, these Counterclaims, purporting to allege breach of contract, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2).

7

## Conclusion

Defendant Kennedy's First and Second Counterclaims should be dismissed with prejudice.

Dated:  February 1, 2008
        New York, New York

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: _____
    T. Barry Kingham (TBK/1219)
101 Park Avenue
New York, New York  10178
(212) 696-6000
Attorneys for Plaintiff
*Alexandra Allen as Administrator of the Estate of William Allen*