Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100

*Attorneys for Defendant Kennedy Information, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
ALEXANDRA ALLEN, as
Administrator of the Estate of William Allen,

                                                          Docket No. 07 CIV 8431 (HB)(DFE)

                    Plaintiff,

        -against-

KENNEDY INFORMATION, INC. and
THE BUREAU OF NATIONAL AFFAIRS, INC.

                    Defendants.
-------------------------------------------------------------X

Defendant Kennedy Information, Inc.'s Memorandum of Law
In Opposition to Plaintiff's Motion to
Dismiss the Amended First and Second Counterclaims

McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100
*Attorneys for Defendant*
*Kennedy Information, Inc.*

## PRELIMINARY STATEMENT

Kennedy Information, Inc. ("Kennedy") herein sets forth its opposition to the motion of Alexandra Allen, as Administrator of the Estate of William Allen ("Plaintiff"), to dismiss the Amended First and Second Counterclaim of Kennedy.  In an effort to move the case along, Kennedy filed an Amended Counterclaims, dated January 18, 2008 ("Amended Counterclaims") with specificity so as to remove any real contest at the pleading stage.  As a result, the Amended Counterclaims expressly plead claims for relief based on breach of contract that easily satisfy Fed.R.Civ.P. 8(a)(2) and 12(b)(6) standards. *Bell Altantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  Accordingly, we request that the Court deny Plaintiff's motion to dismiss.

## SUMMARY OF INVOLVED PLEADING

A summary of the involved pleading for purposes of this memorandum is as follows: William Allen ("Allen", now deceased) performed independent contractor work for Kennedy. See Exhibit "1" at ¶35[1]. A written agreement ("2000-01 Agreement") dated January 26, 2000 was entered by and between Allen and Kennedy Information LLC, predecessor to newly formed and unrelated Kennedy (named defendant herein), and expired by its terms on December 31, 2001. *Id.* at ¶32. Between January 1, 2002, and May 7, 2005, Kennedy and William Allen agreed, on a project by project basis, for Allen to perform market consulting services on Kennedy's behalf, to Kennedy's clients, and for Allen to keep and maintain project collected data, communications and deliverables. *Id.* at ¶33. Also, as part of Allen's agreements, he was to maintain and to deliver evidence to support his financial project reporting to Kennedy. *Id.* at ¶

---

[1] References to Exhibits "__" are to the exhibits annexed to the Declaration of Deanna R. Waldron, dated February 7, 2008, submitted herewith.

33, 37. In consideration for Allen's efforts, Kennedy agreed to and did pay Allen on the basis of the cash received from each such project and the information Allen supplied. *Id.* at ¶34, 36, 37. Thus, as and when Kennedy received cash on a project involving Allen being actively responsible for completion of that project, Kennedy paid commissions to acquire the client project, and then accounted for 1/3rd of that cash as paid to Kennedy, and paid to Allen the 2/3rds cash balance net of payments that Allen directed Kennedy to make on his behalf including monthly draws. *Id.* at ¶ 36. Parallel thereto, as and when requested by Allen, Kennedy advanced cash to Allen against anticipated project cash receipts. *Id.* at ¶36.

At the time of his death, there were no disputes that Allen had raised and were pending regarding monies due and owing him by Kennedy. *Id.* at ¶38. After his death, Plaintiff, Allen's widow and appointed Estate Administrator, frustrated project(s) completion and financial reconciliation and failed to act in good faith, by failing to make requested delivery of Kennedy's operational and financial documents of completed and non-completed project(s) maintained by Allen as part of their agreements, such as project by project customer contracts, invoices and correspondence prepared by Allen, deliverables and the data upon which the deliverables were based, all owned by Kennedy, all of which continues to be withheld by Plaintiff. *Id.* at ¶ 39, 40. As a result of the aforesaid, the Administrator or Allen caused Kennedy to incur damages. *Id.* at ¶ 41. In this matter, Plaintiff admits that Kennedy requested the return of its property and plaintiff has failed to do so. Exhibit "2" at ¶¶ 23-25. Further, in this regard Plaintiff failed to provide information that Allen was required to prepare and to maintain, and upon which information Kennedy relied in determining amounts due to Allen on each of the projects. Exhibit "1" at ¶ 33, 37, 39.

Given the above summary recitation alone, the pending motion to dismiss is without credible support based on relevant law cited by both parties.

## ARGUMENT

Given the specificity in the Amended First and Second Counterclaims there is no assertion worthy of consideration as to whether Kennedy has plead "enough facts to state claim to relief that is plausible on its face." *Bell Altantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In the spirit of moving things along, Kennedy much more than satisfied the "flexible plausibility standard which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). Under the pleading standard set forth in Rule 8(a), complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Amended Counterclaims notice Plaintiff well beyond "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1965; *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006); see also *Dura Pharms, Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *McCarthy v. Dunn & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

Plaintiff contends that Kennedy failed to state claims based on breach of contract as the allegations in the Amended Counterclaims are too indefinite to support a contract claim. Kennedy's Amended Counterclaims provide Plaintiff with a well plead claim for relief.[2]

---

[2] As an aside, Kennedy's amended pleading is in stark contrast to the Plaintiff's paucity pleading against co-defendant BNA, which alleges acts expressly those of Kennedy and does not allege such acts of BNA, and as to

4

Plaintiff appears to be reading a requirement for precision of pleading for breach of contract actions that is not supported by the cases cited in its memorandum of law. Rather, to state a claim in federal court for breach of contract under New York law, a complaint need allege as to the involved contract defendant (1) the existence of an agreement between the plaintiff and that contract defendant (not just one of the named defendants), (2) adequate performance of the contract, (3) breach of the contract, and (4) damages. *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996) and see, *Coddington v. Adelphi University*, 45 F.Supp.2d 211, 218 (E.D.N.Y. 1999). As the Kennedy pleadings does so allege all four elements, it complies with the requirement that the pleading put the opposition party on fair notice of the grounds for which it seeks relief.[3] FRCP 8(a)(2); *see Twombly*, 127 S.Ct. at 1965. Thus, in a case where the plaintiff failed to "allege anything about duration of the contract, agreed upon compensation, specific duties," the Court found that the allegation of the existence of a promise was enough to show the existence of a contract. *Dujardin v. Liberty Media Corp.*, 359 F.Supp.2d 337, 357, n.8 (S.D.N.Y. 2005).

Similarly, the Court should not dismiss the Amended Counterclaims where the allegations more than adequately place Plaintiff on fair notice. It cannot be argued that Plaintiff is unaware of the terms of the agreements or the breach thereof. In its memorandum, Plaintiff plainly concedes that Kennedy plead that the parties entered into "a series of agreements, on a project by project basis." Pl. Mem. at 6. The Amended Counterclaims clearly state that Allen, on

---

which Plaintiff chose not to amend its pleading to give fair notice to BNA. By choosing not to amend, Plaintiff apparently conceded that it did not have any credible allegations as to BNA.
[3] Even where breach of contract allegations are not artfully stated, motion to dismiss was denied where the allegations meet the requirements of FRCP 8(a). *Bonacci v. Lone Star Int'l Energy, Inc.*, 1999 WL 76942, *4 (S.D.N.Y. Feb. 16, 1999)(HB).

Kennedy's behalf, would perform consulting services to Kennedy's clients. Exhibit "1" at ¶ 33.

The Amended Counterclaims allege further terms of the agreements, including Allen's obligation

to deliver reliable financial project information and to maintain financial records, as well as

Kennedy's obligations to pay, the basis, the manner and the method of those payments. *Id. at* ¶

33, 37, 44, 49. Specifically,

> 33. Between January 1, 2002 and May 7, 2005, Kennedy and Allen met and agreed, on a project by project basis, for Allen to perform market consulting services on Kennedy's behalf, to Kennedy's clients, for Allen to deliver financial project information, and for Allen to prepare and to maintain project collected data, communications and deliverables, as further described below.

> \*        \*        \*

> 37. As part of the payment process, Allen reported on each project: i. the total amount Allen projected would be earned on each project; ii. the per cent of total projected earnings then earned on each project. As and when received, Kennedy would accept (without confirming) Allen's reported information and together with its own information of project cash received and expended, Kennedy would make payments to Allen. In this respect, Kennedy, located in New Hampshire, relied upon Allen, located in the City of New York, as to project information, and Allen relied upon Kennedy, as to project cash information.

> \*        \*        \*

> 44. Allen had responsibility for operational and financial reporting on each project for which he was obligated to keep records as well as keeping a copy of each project product.

> \*        \*        \*

> 49. During this time, Allen obligated himself with respect to one or more specific projects for Kennedy, to maintain for the benefit of Kennedy original documents as well as to prepare and to retain books and records both financial and operational in regard thereto.

See also *Id.* at ¶ 48.

Moreover, the Amended Counterclaims could not be clearer as to which of Allen's and

plaintiff's obligations under the agreements were breached. *Id.* at ¶ 39, 40, 51, 52, 53, and 57.

39. After Allen's death, the Administrator frustrated project(s) completion and financial reconciliation and failed to act in good faith, *by failing to make requested delivery of Kennedy's operational and financial documents of completed and non-completed project(s) maintained by Allen as part of their agreement, such as project by project customer contracts, invoices and correspondence prepared by Allen, deliverables and the data upon which the deliverables were based, all owned by Kennedy, all of which continues to be withheld by the Administrator.* (emphasis added)

40. In the alternative, if the reason the Administrator did not effect turnover of records, data, and other information and documents is due to the fact that *Allen failed to maintain these items as he was obligated to do then Allen failed to perform material obligations under the involved agreements by failing to prepare and/or to maintain project records, financial and operational reports, proprietary data, and Kennedy's client information.* (emphasis added).

\*     \*     \*

51. Upon information and belief, Allen and/or the Administrator failed to perform properly and fully and/or failed to complete one or more specific projects.

52. Upon information and belief, prior to and after May, 2005, Allen and/or the Administrator *failed to perform material obligations under the involved agreements by failing to satisfactorily prepare and to maintain project records and financial and operational reports.* (emphasis added)

53. After May, 2005 the Administrator, even after request was made, failed and refused to turn-over original documents as well as books and records both financial and operational in regard to and as part of projects undertaken by Allen to Kennedy.

\*     \*     \*

57. At a time after May, 2005 and through the present date, although assistance to mitigate damages was sought, the Administrator failed and refused to act in good faith, failed to return or turn-over documents, books and records requisite to timely and proper performance completion of projects to which Allen and Kennedy had agreed Allen would perform.

These allegations place Plaintiff on ample notice precisely with regard to what Allen and

7

Plaintiff were obligated and failed to do. Plaintiff's reliance on *Wolff v. Rare Medium, Inc.*, 171 F.Supp.2d 354, 358 (S.D.N.Y. 2001) is misplaced, as the facts are distinguishable from those herein. In *Wolff*, the plaintiff merely alleged a breach without identifying the language in the written agreement that was breached. *Id.* First, unlike *Wolff* there is no written agreement to point to. Further, Kennedy has been particularly clear that Plaintiff and Allen breached their obligations under the agreements to maintain and make requested delivery of Kennedy's operational and financial documents of completed and non-completed project(s) maintained by Allen, such as project by project customer contracts, invoices and correspondence prepared by Allen, deliverables and the data upon which the deliverables were based. These allegations give Plaintiff fair notice of the acts and omissions which resulted in the breach.

It is disingenuous to argue that Kennedy's claims should be dismissed based on a lack of information that is admittedly in Plaintiff's sole custody and control. Any failure on Kennedy's part to name the specific project agreements that were breached is due to Plaintiff's admitted failure to return Kennedy property. See Exhibit "2" at at ¶ 23 -25. This is the point of discovery. By seeking dismissal at this stage, Plaintiff is trying to deny both Kennedy and the Court with knowledge that it has with regard to Allen's recordkeeping which will disclose precisely which project agreements were breached.

The Amended Counterclaims also give plaintiff notice of the damages that Kennedy suffered. *Id.* at ¶41. The amount of damages must await pre-trial discovery. Accordingly, dismissal is not warranted in this situation since Plaintiff is not burdened by any lack of specificity in the Amended Counterclaims.

## **CONCLUSION**

For the reasons set forth above, we respectfully request that the Plaintiff's motion for dismissal of the First and Second Amended Counterclaims be denied.


Dated: February 7, 2008
        New York, New York


                                        Respectfully submitted,
                                        McLAUGHLIN & STERN, LLP

                                        By: _____
                                        Paul H. Silverman (PS 0583)
                                        Deanna R. Waldron (DW 2611)
                                        260 Madison Avenue
                                        New York, New York 10016
                                        (212) 448-1100
                                        *Attorneys for Defendant*
                                        *Kennedy Information, Inc.*