T. Barry Kingham (TBK-1219)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administrator*
*of the Estate of William Allen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALEXANDRA ALLEN, as                                         :
Administrator of the Estate of William Allen,               :

                              Plaintiff,            :       Index No. 07 CIV 8431 (HB) (DFE)

             - against -                            :       **PLAINTIFF'S REPLY TO
                                                            AMENDED THIRD
KENNEDY INFORMATION, INC.  and                      :       COUNTERCLAIM OF DEFENDANT
THE BUREAU OF NATIONAL AFFAIRS, INC.                        KENNEDY INFORMATION, INC.**
                                                    :
                              Defendants.
------------------------------------------------------------X

        Plaintiff and Counterclaim Defendant Alexandra Allen, as Administrator of the

Estate of William Allen ("Allen" or "Plaintiff"), by her undersigned attorneys, as and for her

reply to the numbered paragraphs of the Amended Third Counterclaim of defendant Kennedy

Information, Inc. and states:

        1.      Admits the allegations in paragraph 28.

        2.      Admits the allegations in paragraph 29.

        3.      Admits, on information and belief, the allegations in paragraph 30.

        4.      Admits the allegations in paragraph 31.

        5.      Admits the allegations in paragraph 32.

6.      Denies the allegations in paragraph 33, except admits that Kennedy and Allen continued the contractual relationship after the written agreement expired.

7.      Denies the allegations in paragraph 34.

8.      Denies the allegations in paragraph 35, except admits that Allen was an independent contractor and not an employee of Kennedy.

9.      Denies the allegations in paragraph 36.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

11.     Denies the allegations in paragraph 38.

12.     Denies the allegations in paragraph 39 and states that plaintiff has no obligation to turn over the listed material.

13.     Denies the allegations in paragraph 40.

14.     Denies the allegations in paragraph 41.

15.     Denies the allegations in paragraph 42 and states that plaintiff has no obligation to turn over the listed material.

16.     Admits the allegations in paragraph 43.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

18.     Denies the allegations in paragraph 45, except admits that Kennedy provided certain information to plaintiff for settlement purposes.

19.     Denies the allegations of paragraph 46.

20.     Admits that defendant Kennedy repeats and realleges the paragraphs referred to in paragraph 60

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and states that the definition of "Kennedy Property" is too vague as to merit a response.

22.     Denies the allegations of paragraph 62, and states that the definition of "Kennedy Property" is too vague as to merit a response.

23.     Denies the allegations in paragraph 63, except admits that defendant Kennedy has requested the return of certain property.

24.     Admits that plaintiff has not delivered to defendant Kennedy property that defendant Kennedy has requested and otherwise denies the allegations in paragraph 64.

25.     Admits that plaintiff has not delivered to defendant Kennedy property that defendant Kennedy has requested and otherwise denies the allegations in paragraph 65.

26.     Denies the allegations in paragraph 66.

27.     Denies the allegations in paragraph 67.

## FIRST AFFIRMATIVE DEFENSE

28.     The Amended Third Counterclaim must be dismissed because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

29.     The Amended Third Counterclaim must be dismissed because it fails to identify with sufficient specificity any property in possession of the plaintiff that rightfully belongs to defendant.

**WHEREFORE,** Counterclaim Defendant Allen demands judgment against Counterclaim Plaintiff Kennedy, as follows:

a.     Dismissing the Amended Third Counterclaim in its entirety;

b.     Awarding Allen costs and disbursements of this action and attorneys' fees;

and

c.     Awarding such other and further relief as this Court deems just and

proper.

Dated:  February 1, 2008
       New York, New York

                            CURTIS, MALLET-PREVOST,
                            COLT & MOSLE LLP

                            By: _____
                                T. Barry Kingham (TBK-7219)
                              101 Park Avenue
                              New York, New York  10178
                              (212) 696-6000
                              Attorneys for Plaintiff
                              *Alexandra Allen as Administrator of the*
                              *Estate of William Allen*