T. Barry Kingham (TBK-1219)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

Attorneys for Plaintiff
*Alexandra Allen as Administator
of the Estate of William Allen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALEXANDRA ALLEN, as                                         :
Administrator of the Estate of William Allen,               :
                                                            :
                        Plaintiff,                          :    Index No. 07 CIV 8431 (HB) (DFE)
                                                            :
        - against -                                         :
                                                            :
KENNEDY INFORMATION, INC. and                               :
THE BUREAU OF NATIONAL AFFAIRS, INC.                        :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE AMENDED FIRST AND SECOND COUNTERCLAIMS OF <u>DEFENDANT KENNEDY INFORMATION, INC.</u>

Plaintiff Alexandra Allen, Administrator of the Estate of William Allen (the "Allen Estate") respectfully submits this reply memorandum in further support of her motion, pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), to dismiss the Amended First and Second Counterclaims of defendant Kennedy Information, Inc. ("Kennedy").

Alexandra Allen seeks in this action to recover in excess of $700,000 in unpaid fees due to the Allen Estate from defendants Kennedy and the Bureau of National Affairs, Inc. ("BNA") for services her deceased husband, William Allen, performed as a consultant prior to his death on May 7, 2005. (Complaint, ¶ 1). In its original Answer, filed with this Court on November 21, 2007, Kennedy asserted three Counterclaims against the Allen Estate. The First and Second Counterclaims purported to allege breach of contract; the Third Counterclaim alleged conversion. On December 19, 2007, Plaintiff filed a Motion to Dismiss the First and Second Counterclaims because they did not allege the existence of a valid contract. In response, Kennedy opted to replead the counterclaims and filed an Amended Answer with the Court on January 18, 2008. Plaintiff moved to dismiss the Amended First and Second Counterclaims and filed a Reply to the Amended Third Counterclaim. Kennedy then opposed Plaintiff's motion to dismiss the Amended First and Second Counterclaims. Plaintiff now replies to Kennedy's opposition.

Kennedy's opposition does not cure the defects created by Kennedy's original First and Second Counterclaims and now their Amended First and Second Counterclaims. First, Kennedy fails to put Plaintiff on notice as to which particular project agreement was breached and lacks specificity as to which provisions were breached. Second, in its Second Counterclaim, Kennedy apparently attempts to sue Plaintiff for breach of contract in her individual capacity, though she was and never has been a party to any contract with Kennedy. Furthermore, Kennedy has never alleged the existence of a contract between itself and Plaintiff.

**<u>Argument</u>**

In its Amended Answer, Kennedy admits the existence of a written agreement between Allen and Kennedy, which expired by its own terms on December 31, 2001. (Amended Answer, ¶ 32). Although the Complaint alleges a contractual relationship among the parties after the written agreement expired (Complaint, ¶ 10), Kennedy denies such a relationship (Amended Answer, ¶ 33) and alleges only that Kennedy and Allen met and agreed on a *project-by-project basis* for Allen to perform services on behalf of Kennedy and that Allen "obligated himself" to Kennedy after the written agreement expired. (Amended Answer, ¶¶ 33, 49).

Kennedy does not specify which of these presumably oral agreements Allen breached, nor does Kennedy identify precisely what Allen was obligated to do, which he then failed to do. Thus, Kennedy does not give Plaintiff fair notice as to the claims against her. *See Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (dismissing breach of contract claim because complaint failed to provide defendant with notice of the contractual provision allegedly breached, or the nature of the breach).

Second, in its Amended Answer, Kennedy purports to bring a breach of contract claim against Plaintiff in her personal capacity. (Amended Answer, ¶ 57). "To establish the existence of a contract under New York law, a plaintiff must allege an offer, acceptance, consideration, mutual assent, and an intent to be bound." *Rozsa v. May Davis Group, Inc.*, 152 F. Supp. 2d 526, 533 (S.D.N.Y. 2001). Kennedy does not allege any of these elements with regard to Plaintiff personally. Kennedy pleads that [William] Allen and Kennedy entered into a written agreement on January 26, 2000. (Amended Answer ¶ 32). Kennedy also pleads that "Kennedy and [William] Allen met and agreed on a project by project basis for Allen to perform market consulting services on Kennedy's behalf," after the written agreement expired.

(Amended Answer ¶ 33). However, nowhere in their Amended Answer did Kennedy plead any basic offer, acceptance, consideration, mutual assent, and intent to be bound between Kennedy and Plaintiff. Therefore, because Kennedy did not plead any elements of a valid contract between Kennedy and Plaintiff, Kennedy did not plead the existence of a valid contract. *See Blank v. Noumair*, 239 A.D.2d 534, 534 (2d 1997) (dismissing plaintiff's breach of contract action because defendant was not a party to the agreements in question).

Accordingly, the First and Second Counterclaims, purporting to allege breach of contract, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2).

## Conclusion

Defendant Kennedy's First and Second Counterclaims should be dismissed with prejudice.

Dated: March 24, 2008
New York, New York

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: _____
T. Barry Kingham (TBK 1219)
101 Park Avenue
New York, New York 10178
(212) 696-6000
Attorneys for Plaintiff
*Alexandra Allen as Administrator of the Estate of William Allen*