USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRA ALLEN, AS ADMINISTRATOR OF THE ESTATE OF WILLIAM ALLEN,

PLAINTIFF,

-AGAINST-

KENNEDY INFORMATION, INC., AND THE BUREAU OF NATIONAL AFFAIRS, INC.,

DEFENDANTS.

CASE NO. 07 CIV 8431 (HB)(DFE)

**ELECTRONICALLY FILED**

## STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

Plaintiff ALEXANDRA ALLEN ("Allen") and Defendants KENNEDY INFORMATION, INC. ("Kennedy") and THE BUREAU OF NATIONAL AFFAIRS, INC., ("BNA"), through their respective counsel of record, hereby stipulate to the following protective order pursuant to Fed. R. Civ. P. 26(c) to govern the production of documents and things, the filing of documents with the Court, and the disclosure of testimony in this lawsuit:

This Protective Order shall govern any documents, written or recorded matter, interrogatory answers, requests to admit and responses thereto, physical items, deposition testimony, other discovery material produced by any party or non-party during this litigation, which is pending under the caption ALEXANDRA ALLEN, as Administrator of the Estate of William Allen v. KENNEDY INFORMATION, INC. and THE BUREAU OF NATIONAL AFFAIRS, INC., Case No. 07 CIV 8431 (HB)(DFE) (the "Action"), testimony at any trial or hearing in this Action, and any documents or other materials filed with the Court in this Action.

In connection with this Action, the designating party may designate any document, thing, material, testimony or other information derived there from, as "Confidential" if such material (a) is or contains non-public trade secrets or other proprietary or sensitive business information;

and (b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7). Material produced by third parties may, at the option of that party or at the option of Plaintiffs or Defendant, be deemed "Confidential" under the terms of this Protective Order.

1. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL". Stamping the legend "CONFIDENTIAL" on the cover of any multi page document shall designate all parts of the document as Confidential, unless otherwise indicated by the designating party.

2. Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition or by advising opposing counsel in writing of any additional portions of such deposition containing Confidential information within thirty (30) days after receipt of the transcript. Arrangements shall be made by the party seeking Confidential treatment with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential and to label such portions appropriately.

3. Material designated as Confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this lawsuit, and for no other purpose. Within 60 days following the final termination of this lawsuit (whether by judgment, settlement or otherwise as to which all applicable appeal periods have passed), all materials produced by a party that contain Confidential Material, including all extracts and summaries of such material, shall be (i) destroyed or (ii) returned to counsel for the designating party, at the option and sole cost of the designating party. Such destroyed or returned material

shall not include attorneys' notes or work product. Upon completion of the provisions of this paragraph, counsel for each party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance.

4. Material designated Confidential and produced pursuant to this Protective Order may be disclosed or made available only to the Court and its staff, including court reporters employed in this lawsuit, to counsel or general counsel for a party, including the paralegal, clerical, and secretarial staff employed by such counsel (hereinafter, "Counsel"), and to the "Qualified Persons" designated below:

    a. a party, or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action, including class representatives;

    b. outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c. firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation;

    d. persons identified on the face of the document in question as an author, addressee or other recipient; and

    e. witnesses and their counsel.

5. Any Confidential Material shall not be revealed to any person not designated in Paragraph 4, unless the party producing the Confidential Material assents in writing to the disclosure or unless the Court otherwise directs. If another court, arbitration tribunal or an administrative or government agency requests, demands, subpoenas, or orders production of Confidential Material that a party has obtained under the terms of this Protective Order, such

party shall promptly (not more than forty-eight (48) hours after receipt of such request, demand, subpoena or order) notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena, or order, if it so elects.

6. During depositions, if a deponent testifies about a subject matter that is deemed Confidential pursuant to this Protective Order, and any party makes a timely objection to the presence of any person, only the allowed "Qualified Persons" and counsel in this action may be present.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate. However, a party to this litigation may prospectively declare that particularly specified confidential information (to be produced through discovery in this action) that is in the custody of a third person/party is Confidential Material. Counsel for the party receiving such material shall treat it as so designated until such time as the designating party has had a reasonable opportunity to review and stamp the received material in accordance with this Protective Order.

8. If a party wishes to make a submission to the Court that includes Confidential Material, the submission shall be filed in a sealed envelope bearing the case caption and the legend "FILED UNDER SEAL: CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER"

9. If any Confidential Material is used in any court proceeding in this lawsuit, it shall not lose its Confidential status through such use. Pending a further order as this Court may

enter regarding confidentiality of Confidential Material used in a hearing or trial in this action, such materials shall be treated as provided in this Protective Order.

10. The parties may seek modification of this Protective Order at any time either by seeking the other parties' consent or by application to the Court.

11. A party or other person objecting to the designation of Confidential Material Material shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection, within ten (10) days of such conference, the designating person(s) may apply to the Court, by motion or petition, for a ruling that material designated by a party as Confidential shall be treated as provided in this Protective Order or the Confidential designation shall lapse. The party that opposes the designation of the material as Confidential shall be given notice of the application and an opportunity to respond. Pending determination by the Court, material designated by a party as Confidential shall be treated as provided in this Protective Order.

12. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this lawsuit without involving the court unnecessarily in the process. Nothing in this Protective Order, nor the production in this action of any information or document under the terms of this Protective Order, nor any proceeding pursuant to this Protective Order shall be deemed to have the effect in any other proceeding of an admission or waiver by either party or of altering the confidential nature of any document or information, or altering any existing obligation of any patty or the absence thereof.

13. The parties agree that the filing and entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

14. This Protective Order shall survive the termination of this lawsuit and continue in full force and effect, except that the protected status of materials filed with the Court under seal will expire sixty (60) days after the termination of this action by final judgment. The Court grants the parties counsel of record leave to withdraw such materials from the record during the thirty (30) day period following termination of this action by final non-appealable judgment, provided that the party withdrawing the documents from the record maintains a copy of the documents for one year after termination of this action by final non-appealable judgment.

STIPULATED AND AGREED TO:

Dated: New York, New York
       February __, 2008

McLAUGHLIN & STERN, LLP

By: _____
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)
260 Madison Avenue
New York, NY 10016
(212) 448-1100

*Attorneys for Defendant Kennedy*

McLAUGHLIN & STERN, LLP

By: _____
Paul H. Silverman (PS 0583)
Deanna R. Waldron (DW 2611)
260 Madison Avenue
New York, NY 10016
(212) 448-1100

*Attorneys for Defendant BNA*

CURTIS, MALLET-PREVOST, COLT
MOSLE LLP

By: _____
T. Barry Kingham (TBK 1219)
101 Park Avenue
New York, NY 10178
Tel: (212) 696-6000

*Attorneys for Plaintiff Alexandra Allen*

SO ORDERED:

_____
Harold Baer, Jr., U.S.D.J.
Date: _____

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED:

_____
Hon. Harold Baer, Jr., U.S.D.J.
Date: _____

Dated: New York, New York
       February___, 2008

**SO ORDERED**

_____
Hon. Harold Baer, U.S.D.J.

## ATTACHMENT "A"

## ACKNOWLEDGMENT OF ENTRY OF
## PROTECTIVE ORDER AND NONDISCLOSURE AGREEMENT

I, _____, declare as follows:

1. I have received a copy of the Stipulated Protective Order Governing Confidentiality ("Protective Order"), and have read and understand the Protective Order.

2. I hereby agree to comply with and be bound by the terms and condition of the Protective Order unless and until modified by further Order of the Court.

3. I understand that I am permitted to see Confidential Material under the order. I further understand that any unauthorized disclosure or improper use of Confidential Material may constitute contempt of Court.

4. I hereby consent to the exercise of personal jurisdiction by the Court for purposes of enforcing this Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ____ day of _____, ____ at _____, _____
                                                    City          State

_____
Signature

_____
Print or Type Name